1. SUNDAY—THEATERS AND SHOWS—REVOCATION OF LICENSE.

Under Greater New York Charter, § 1476, providing for revocation of licenses by a judge of a court of record on proof of violation of any provision of the title, after notice and hearing, such judge has power to entertain an application to revoke a license to give dramatic performances or exhibitions, for violation of section 1481, prohibiting such exhibitions on Sunday, and providing that every such exhibition shall of itself forfeit any license previously obtained.

2. SAME—EVIDENCE OF PARTNERSHIP—SERVICE OF NOTICE.

Where revocation of a license of the firm of S. & K. to give dramatic performances was sought under Greater New York Charter, § 1476, providing for such revocation, on proof of a violation of certain prohibitions, on two days' notice to show cause and such notice was served on G. K., and the evidence shows a co-partnership agreement between S. and M. K. to carry on such licensed business; that the check received for the license fee was drawn by M. K.; that application for a liquor-tax certificate by such firm at the same place, and a check in payment therefor, were signed by M. K.; and that the internal revenue tax was paid in the same way; and affidavits of several employés of the firm tend to show that M. K., and not G. K., was a member of the partnership to which such license was granted,—such notice was insufficient, since the evidence does not show that G. K. was a licensee or a member of the firm of S. & K.

3. SAME—SERVICE ON EMPLOYE—PERSONAL SERVICE.

Where an application to revoke a license to give dramatic performances was made under Greater New York Charter, § 1476, providing for revocation of such a license on notice of not less than two days to show cause why the license should not be revoked, a notice to show cause, served on an employé in charge of the licensee's box office, was insufficient, and gave no jurisdiction over such application.

Application of the Sabbath Committee to revoke a license issued to Timothy D. Sullivan and another to give dramatic performances. Denied.

Manice, Abbot & Perry, for applicant.

Emanuel M. Friend (Edward Hymes, of counsel), for George J. Kraus.

BEEKMAN, J. This is a proceeding instituted by the Sabbath Committee, which is a domestic corporation, for the revocation of a license granted by the police department to the firm of Sullivan & Kraus to give dramatic performances or exhibitions at the Dewey Theater, situated at No. 126 East Fourteenth street, in this city. The license was granted under section 1473 of the Greater New York Charter, and is to continue until the 1st day of May, 1900. The ground of the application is that entertainments were given by the licensees at the theater in question on the 26th day of November, 1899, which was Sunday, in violation of section 1481 of the same act, which declares that it shall not be lawful to give any such exhibition on the first day of the week, commonly called "Sunday," in such a place, and that every such exhibition or performance shall of itself forfeit, vacate, and annul, and render void and of no effect, any license which shall have been previously obtained. This pro-

ceeding, however, is instituted under section 1476, which reads as follows:

"Sec. 1476. Any license provided for by the preceding sections may be revoked and annulled by any judge or justice of any court of record in said city upon proof of a violation of any of the provisions of this title; such proof shall be taken before such judge or justice, upon notice of not less than two days to show cause why such license should not be revoked; said judge or justice shall hear the proofs and allegations in the case, and determine the same summarily; and no appeal shall be taken from such determination; and any person whose license shall have been revoked or annulled shall not thereafter be entitled to a license under the provisions of said sections; on any examination before an officer, pursuant to a notice to show cause as aforesaid, the accused party may be a witness in his own behalf."

As section 1481, prohibiting exhibitions on Sunday, is a part of the title which includes section 1476, the court has power to entertain this application on the ground assigned for the revocation of the license in question. The proof is ample and convincing (indeed, it may be said it is quite beyond reasonable doubt) that there was a clear violation by the licensees of section 1481, above mentioned; and were it not for objections which have been made to the right of the court to proceed in the matter, which I am constrained to find are well founded, I should have no hesitation in granting the order applied for.

The proceeding, as its title shows, describes the licensees as Timothy D. Sullivan and George J. Kraus. The latter is the only one who has been personally served with the order to show cause, no personal service thereof having been made upon Sullivan. In addition to the service upon Kraus, however, the petitioner caused the order in question to be also served upon an employé of the licensees, who was at the time of such service in charge of the box office, and selling tickets for entrance to the theater. The objections which are made to the proceeding are twofold: First. That George J. Kraus was not a member of the firm of Sullivan & Kraus, but that the Kraus referred to in the co-partnership name was one Maurice Kraus, who is a son of George J. Kraus; that George J. Kraus had been the manager of the business for the partnership, under a regular wage, from June, 1898, to October 6, 1899, but that since that time his business connection with the place had ceased, and that he had never had any interest whatsoever in the Dewey Theater, except during the period above mentioned. Second. That the order to show cause had not been personally served upon Sullivan.

With respect to the first objection, the proofs are, I think, entirely convincing that George J. Kraus was not a licensee or a member of the firm of Sullivan & Kraus. There has been submitted to me a co-partnership agreement, made and entered into between Timothy D. Sullivan and Maurice Kraus, bearing date the 15th day of June, 1898, under which they agree to enter into a co-partnership under the firm name or style of Sullivan & Kraus, for the purpose of carrying on a "garden, theatrical, and café business" at Nos. 126, 128, and 130 East Fourteenth street, in the city of New York, and in such other places as might thereafter be agreed upon, for a

term of 10 years.   The paper contains other provisions, to which it
is unnecessary to refer, bearing upon the rights and obligations of
the partners, and is signed and duly acknowledged by both of them.
The place specifically referred to in this agreement is that known as
the "Dewey Theater," with respect to which this proceeding has
been taken.   It also appears from the affidavit of the deputy treas-
urer of the board of police that the check which was received by the
police department for the license fee required by law to be paid
where such a license as the one in question is issued was drawn by
Maurice Kraus; and the original check, so signed, existing now as a
returned voucher from the bank, is attached to the papers.   It fur-
ther appears from the affidavit of the special deputy commissioner
of excise for the county of New York that the tax required to be
paid upon the issuance of the liquor-tax certificate which was issued
to Sullivan & Kraus for the same place was received in the shape of
a check signed by Maurice Kraus, and that the application for such
liquor-tax certificate was made by Maurice Kraus, as a member of
said firm.   The original check also forms a part of the opposing
papers, and bears date September 16, 1899.   It also appears that
the internal revenue tax was paid in the same way.   In addition to
these proofs, there are several affidavits which are made by em-
ployés of the firm tending to support the contention that it was
Maurice Kraus, and not George J. Kraus, who was a member of
such co-partnership, to whom said license had been issued.   There
is some evidence given on behalf of the petitioner tending to throw
doubt upon the respondent's claim, but the evidence in support of it
is too clear to justify me in coming to any other conclusion than
that the petitioner was mistaken in making George J. Kraus a party
to this proceeding.

The only question, then, which remains for consideration, is
whether the service of the order to show cause upon the person in
charge of the box office was sufficient.   It will be observed that the
only reference to the notice which the section contains is that the
proofs to be made upon such application shall be taken "upon no-
tice of not less than two days to show cause why such license should
not be revoked."   It is entirely silent with respect to the manner
in which such notice must be given, leaving the question to be de-
termined as a matter of statutory construction.   The rule is well
established that where this is the case the notice must be per-
sonal.   McDermott v. Board, 25 Barb. 635.   At page 646 of the re-
port the court says:

"It is competent for the legislature to prescribe the mode and manner of
giving notice, where they require, as a condition precedent to the doing of an
act, that notice shall be given.   The legislature has the power to say in a
given case that the notice may be given by publication, or by leaving it at
the place of business or dwelling house or last place of abode of the party to be
notified.   But it is equally well settled that, in the absence of any such legis-
lative provision, whenever the legislature require notice to be given it must be
personal notice."

See, also, Mitchell v. Clary, 20 Misc. Rep. 595, 46 N. Y. Supp. 446;
People v. Railroad Co., 13 Hun, 211.

The necessary construction, then, of the section, is that the notice therein required to be given must be personally served upon the parties to whom it is directed, or, in a case where the licensees are partners, upon at least one of them. The proceeding is purely statutory in its nature, and the jurisdiction of the justice to whom the application is made is dependent upon a proper compliance with all of the requirements of the statute. The legislature might with great propriety have provided for various methods of serving the notice, and thus have made impossible the embarrassments which have arisen here, and which are likely to arise again in similar cases, in giving proper notice of the commencement of the proceeding. But it has not seen fit to do so, and it is my duty to adhere to an established rule of construction, and to apply it in this case, however disadvantageous it may prove to be to an efficient enforcement of this wholesome remedy.

My attention has been called to the provisions of section 1479 of the Greater New York charter, which relates to the right of the corporation counsel of the city of New York to apply for an injunction to restrain public exhibitions, in cases where such exhibitions, to be lawful, must be licensed, but where no such license has been obtained. That section provides that any such injunction may be served "by posting the same upon the outer door of the theatre or circus or building wherein such exhibitions may be proposed to be held * * * and in case of any proceeding against the manager or proprietor of any such theatre, circus or building, or garden or grounds, as aforesaid, it shall not be necessary to prove the personal service of the injunction, but the service hereinbefore provided shall be deemed and held sufficient." But this provision by no means affords any support to a contention that the notice under section 1476 might be served in any such way. On the contrary, it illustrates a legislative exception to the general rule to which I have already referred. Had the legislature intended that the notice in such a proceeding as this need not be personal, it would have said so, as it did in the case provided for under section 1479. It results from what has been said that the application must be denied, but without prejudice to a renewal of the same against the proper parties.

Application denied, but without prejudice to a renewal of same.