PRAY et al. v. TODD.

(Supreme Court, Appellate Division, First Department. April 25, 1902.)

1. PLEADING—ANSWER—DENIAL—FORM.

Where plaintiffs alleged their ownership of certain stock, an answer that defendant, "for a first and separate defense, alleges that he has no knowledge or information sufficient to form a belief as to whether the plaintiffs were at any of the times mentioned in the complaint the owners or holders" of the stock, constitutes a denial, though that form of pleading is inartistic and not to be commended.

2. CORPORATIONS—TREASURER—STATEMENT FOR STOCKHOLDER—DEMAND—PENALTY.

Plaintiffs held certain corporate stock as collateral. On default in payment of the debt, they surrendered the stock certificate, and received a new certificate in their names. Just after the surrender, and before the new certificate was issued, their attorneys, in their behalf, requested of the treasurer of the corporation a statement under oath of all its assets and liabilities, to be delivered to such attorneys within 30 days, pursuant to the Stock Corporation Law, § 52, providing that stockholders may make such request, and that if the treasurer does not respond thereto he shall forfeit to such person $50, and $10 for every day thereafter until the statement is furnished. *Held*, that plaintiffs were not stockholders of record at the time the demand was made, and hence their demand was ineffectual, and failure to comply therewith did not subject the treasurer to such penalty.

Appeal from trial term, New York county.

Action by John A. Pray and others against Louis L. Todd. From a judgment for defendant, and from an order denying a new trial, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PAT-
TERSON, O'BRIEN, and LAUGHLIN, JJ.

Henry G. Wiley, for appellants.
J. Warren Greene, for respondent.

LAUGHLIN, J.   The action is brought to recover the penalty
prescribed by section 52 of the stock corporation law (chapter 36,
Gen. Laws, and chapter 564, Laws 1890, as amended) for the neglect
or refusal of the treasurer of a corporation to furnish a statement of the
affairs of the corporation to a stockholder, as therein prescribed.
The C. A. Blanchard Company was a domestic business corporation,
and its capital stock exceeded $100,000.   More than 3 per centum
of the capital stock of this company was issued to C. A. Blanchard,
who held and owned the same.   He owed the plaintiffs as copartners.
The indebtedness was represented by promissory notes, and he trans-
ferred this stock to the firm as collateral security, with authority
to sell the same at public or private sale upon default in payment.
After Blanchard defaulted in paying some of the indebtedness, the
appellants authorized their attorneys to surrender the stock, and
have new certificates issued in their firm name.   The attorneys
delivered the stock to the secretary of the company on the 7th day
of March, 1898, with instructions to have new stock so issued.   Up-
on the day following the attorneys made a written request by mail
upon the respondent, who was the treasurer of the company, for a
statement of its affairs, as prescribed in said section of the stock
corporation law.   The demand was not made in the name of the
pledgees or by the attorneys as attorneys in fact, nor was the au-
thority to make the demand transmitted with it; but it was not re-
turned, and subsequent promises on the part of the respondent to
comply therewith doubtless constituted a waiver of any objection
to the form of the request.   New stock was issued to the appellants
on the 10th day of March, and as no proof of the entries in the
stock book was made we think that the inference is that the stock
remained in the name of Blanchard upon the books of the company
until new stock was issued.   Consequently at the time of the de-
mand the appellants were not stockholders or owners of record.
At least, the evidence does not show this, and the burden was upon
the plaintiffs to establish their right to the statement at the time
they made the request therefor.

It is urged on the part of the appellants that the allegations of
ownership of the stock are admitted by the pleadings.   The at-
tempted denial of this allegation of the answer is in the following
form:   The defendant "for a first and separate defense alleges that
he has no knowledge or information sufficient to form a belief
*   *   *   as to whether the plaintiffs were at any of the times
mentioned in the complaint the owners or holders" of the stock
therein mentioned.   This form of pleading is not to be commended
or encouraged, but, although inartistic, it constitutes a denial.   Mee-
han v. Bank, 5 Hun, 439; Bank v. O'Rorke, 6 Hun, 18.   If the
plaintiffs were the owners of the stock at the time of making the

demand, it is not at all certain that they have not waived their rights under the demand, for they subsequently extended the time to comply therewith, and entered into negotiations looking toward an examination of the books of the corporation by an accountant in lieu of a statement by the treasurer, which negotiations were never formally terminated, nor was any new notice given that appellants intended to insist upon a compliance with their demand. Toplitz v. Bauer, 161 N. Y. 325, 55 N. E. 1059; Bailey v. Loan Co., 52 App. Div. 402, 65 N. Y. Supp. 330, affirmed 165 N. Y. 672, 59 N. E. 1118; Ver Planck v. Godfrey, 42 App. Div. 16, 58 N. Y. Supp. 784. But this statute is highly penal. It was enacted for the benefit of stockholders, and concerns them only. In order to enforce the penalty against the treasurer, they must bring themselves within the terms of the statute. We are of opinion that the stock book of the corporation which contains the names of the stockholders, and in which all transfers of stock are required to be entered, is ordinarily, at least, the treasurer's guide and authority in furnishing statements pursuant to the provision of section 52 of the stock corporation law. If the stockholder wishes to enforce the penalty, he must see to it that he is a stockholder of record at the time of making the demand upon the treasurer for a statement of the affairs of the corporation. We find no precedent precisely in point, but this appears to be the reasonable construction of the statute, and will furnish a general rule that is fair and just alike to the stockholders and to the treasurer, and which may be readily understood and enforced.

The action is based upon the theory that at the time of the demand the appellants were in a position to require that a statement of the affairs of the corporation be furnished to them. As has been seen, the stock at that time stood in the name of Blanchard, and the new stock had not been issued to appellants. Not being stockholders of record, we think that their demand was ineffectual, and that the action cannot be maintained.

We do not consider that these views are in conflict with the cases of Robinson v. Bank, 95 N. Y. 637, Bank v. Colwell, 132 N. Y. 250, 30 N. E. 644, In re Argus Co., 138 N. Y. 557, 572, 34 N. E. 388, and like authorities, holding that where stock is transferred absolutely the legal and equitable title vest in the transferee, and the corporation must, upon notice, recognize such title, even before its entry in the stock book. In the case at bar the appellants, although entitled to hold the legal title to the stock in their names,— that being essential to enable them to sell it as authorized,—are, nevertheless, pledgees, and not absolute owners. Wilson v. Little, 2 N. Y. 443, 51 Am. Dec. 307; Buffalo German Ins. Co. v. Third Nat. Bank, 162 N. Y. 163, 56 N. E. 521, 48 L. R. A. 107; Newton v. Fay, 10 Allen, 505; State v. First Nat. Bank, 89 Ind. 302. Furthermore, it will be remembered that the surrender of the old stock was not made to the treasurer, and it does not appear that he had anything to do with its cancellation or issuing the new, or, in fact, that he had any knowledge of its surrender, and there can be no presumption of such knowledge, at least until after the entries were made on the stock book.

After having the stock transferred to their names and becoming stockholders of record, they doubtless became owners of the stock, within the fair intent and meaning of section 52 of the stock corporation law, and then would be entitled to the statement therein provided for upon making proper demand. Section 20, General Corporation Law; sections 29, 40, Stock Corporation Law; Vail v. Hamilton, 85 N. Y. 458.

It follows, therefore, that the complaint was properly dismissed, and the judgment and order should be affirmed, with costs. All concur.