the evidence taken on the trial, but by section 881 of the Code of Civil Procedure it is provided that the deposition or a certified copy thereof may be read in evidence by either party at the trial of or upon the assessment of damages, by writ of inquiry, or upon a reference, or otherwise, in the action or in any special proceeding specified in the original affidavit or stipulation, or in any other action or special proceeding thereafter brought between the same parties or between any parties claiming under them or either of them. Thus allowing either party to use the testimony of a witness taken under an order provided for in this article of the Code, but without requiring either party to read such deposition. It must, of course, appear from the papers presented that the application is made in good faith for the purpose of obtaining testimony to be used upon the trial of the action, and the facts tending to show that the testimony of the witness is material and necessary to be used on the trial must appear to justify the taking of evidence; but where it does appear that the testimony that the witness can give will be material to the party making the application, and that the application is made in good faith for the purpose of obtaining testimony to be used upon the trial, a mere statement in the affidavit of the attorney for the party making the application that, if the testimony should fail to prove the facts which the party making the application has sought to prove by the examination it would not be read, where from other facts alleged it appears that the witness must have knowledge of the facts which are material, does not justify the vacation of the order.

It follows, therefore, that the order appealed from must be reversed, with $10 costs and disbursements, and the motion to vacate the order for the examination of the defendants denied, with $10 costs.

LAUGHLIN, CLARKE, and MILLER, JJ., concur. DOWLING, J., dissents.

---

### THROUGHTON v. GRACE.

(Supreme Court, Appellate Division, First Department. June 28, 1912.)

CORPORATIONS (§ 323*) — STATEMENT — ACTION FOR PENALTY — COMPLAINT — SUFFICIENCY.

Where a stockholder brought an action against the treasurer of the corporation pursuant to Laws 1909, c. 61 (Consol. Laws 1909, c. 59) § 69, providing that stockholders owning a certain amount of stock may require the treasurer of a corporation to make a verified statement of its affairs, and may recover a penalty from him if he neglect or refuse to make such statement, but that he "shall not be required to deliver more than one such statement in any one year," and where the complaint failed to allege that the defendant had not furnished any statement during the year, such complaint was insufficient to state a cause of action for the penalty prescribed.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 683, 684, 1440, 1467; Dec. Dig. § 323.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by Charles W. Throughton against William R. Grace. From an interlocutory judgment overruling demurrer to the complaint, defendant appeals. Reversed, and demurrer sustained.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, MILLER, and DOWLING, JJ.

Wallace MacFarlane, of New York City (Lee McCanliss and Samuel J. Rosensohn, both of New York City, on the brief), for appellant.

Robert H. Wilson, of New York City, for respondent.

LAUGHLIN, J. This is an action by a stockholder of a domestic corporation, known as the "Evergreens Corporation," to recover a penalty of its treasurer for his neglect or refusal to comply with the provisions of section 69 of chapter 59 of the Consolidated Laws of the state of New York (chapter 61 of the Laws of 1909), which, as it existed on the 16th day of June, 1910, provided as follows:

"Stockholders owning five per centum of the capital stock of any corporation other than a moneyed corporation, not exceeding one hundred thousand dollars, or three per centum where it exceeds one hundred thousand dollars, may make a written request to the treasurer or chief fiscal officer thereof, for a statement of its affairs, under oath, embracing a particular account of all its assets and liabilities, and the treasurer shall make such statement and deliver it to the person presenting the request within thirty days thereafter, and keep on file for twelve months thereafter a copy of such statement, which shall at all times during business hours be exhibited to any stockholder demanding an examination thereof; but the treasurer or such chief fiscal officer shall not be required to deliver more than one such statement in any one year. The supreme court or any justice thereof, may upon application, for good cause shown, extend the time for making and delivering such certificate. For every neglect or refusal of the treasurer or other chief fiscal officer thereof to comply with the provisions of this section he shall forfeit and pay to the person making such request the sum of fifty dollars, and the further sum of ten dollars for every twenty-four hours thereafter until such statement shall be furnished."

Plaintiff owned the requisite proportion of the capital stock of the company to bring him within the statute, and the corporation was embraced within the statute, and a demand was duly made on said last-mentioned day which was not complied with.

These facts are alleged, and the plaintiff demands judgment for the penalty prescribed by the statute. The demurrer is upon the ground that the complaint fails to state facts sufficient to constitute a cause of action. The point made in support of the demurrer is that the complaint does not allege that the defendant had not delivered a financial statement to the plaintiff, or to some other stockholder, during the fiscal year within which the demand was made. The learned counsel for the appellant contends that this is a necessary allegation, and that without it no cause of action is given by the statute. On the other hand, the learned counsel for the respondent urges that the provision that it shall not be necessary to deliver more than one statement the same year is in the nature of a proviso and not an exception, and therefore need not be negatived in the complaint, but is a matter of defense.

We are of opinion that it is incumbent on the plaintiff to show not merely that the corporation is embraced within the statute, that he holds sufficient of its capital stock to give him a standing to maintain the action, that the defendant is its treasurer, and that due demand has been made and refused, but that there has been *a violation* of the statute. Such violation is not shown by alleging a demand and failure to comply therewith, for no duty devolved upon the defendant to comply with the demand if he had within the year furnished a statement of the affairs of the corporation to any of its stockholders. The cause of action is not given for every failure to comply with such a demand, but only for a neglect or refusal to comply with the provisions of the section; and it is expressly provided in the section, and in the very sentence upon which the action is based, that the treasurer shall not be required to deliver more than one statement in any one year. It is perfectly plain that the Legislature has not conferred the right upon a particular stockholder to have more than one such statement a year, and, for aught that appears in the complaint, such a statement may have been furnished to the plaintiff within the year. We are of opinion that the clause providing that the treasurer shall not be required to deliver more than one such statement in any one year is in the nature of an "exception" rather than a "proviso," as those terms are used in the decisions relating to the burden of pleading and proof. This is not a case where a right of action is given and where the Legislature has elsewhere prescribed what may constitute a defense thereto. Here no cause of action is given unless the treasurer has not furnished such a statement within the year. It is only in the event that such a statement has not been furnished within the year that the statute can be violated by a refusal to deliver a statement. The exception is incorporated in the clause imposing the duty and constitutes a material part of the description of the acts which constitute the violation of the statute, and, if the statute authorized an indictment for a violation of its provisions, it would be essential to negative the exception in the indictment. United States v. Cook, 17 Wall. 168, 21 L. Ed. 538; People v. Stedeker, 175 N. Y. 57, 67 N. E. 132. The same rule should apply to a complaint for a penalty. If the plaintiff had alleged that such a statement had not been furnished to him within the year, but failed to allege that no such statement had been furnished to any stockholder, it would be necessary to decide whether the Legislature contemplated that the only remedy of stockholders, no matter where they reside, is to go to the office of the company and inspect a copy of a statement on file which may have been furnished to another stockholder; but, for the reasons stated, that question is not presented for decision, and no opinion is expressed thereon.

It follows that the interlocutory judgment should be reversed, with costs, and the demurrer sustained, with costs, but with leave to the plaintiff to amend on payment of the costs of the appeal and of the demurrer. All concur.