(84 Misc. Rep. 577)

TROUGHTON v. GRACE.

(Supreme Court, Trial Term, New York County.   March, 1914.)

CORPORATIONS (§ 323*) — FAILURE TO RENDER STATEMENT — APPLICATION OF STOCKHOLDER.

Failure of the treasurer of a corporation to render to a stockholder a statement of the corporation's assets and liabilities, as provided for by Stock Corporation Law (Consol. Laws, c. 59) § 69, does not render him liable for the penalty provided for therein, where the stockholder, in a letter to the treasurer asking for certain information on subjects not within the statute, has requested merely a "statement" of the assets and liabilities of the corporation and not a "particular statement of all its assets and liabilities."

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 683, 684, 1440, 1467; Dec. Dig. § 323.*]

Action by Charles W. Troughton against William R. Grace, to enforce a statutory liability.   Complaint dismissed.

See, also, 151 App. Div. 655, 136 N. Y. Supp. 200.

Coombs & Wilson, of Brooklyn (Robert H. Wilson, of Brooklyn, of counsel), for plaintiff.

MacFarlane & Monroe, of New York City (Wallace MacFarlane, of New York City, of counsel), for defendant.

ERLANGER, J.   The action is to enforce a statutory liability alleged to have been incurred by the defendant to the plaintiff through an omission to furnish a financial statement of the affairs of the Evergreen Cemetery Corporation upon the request of the plaintiff, a stockholder owning more than 3 per cent. of the stock of the corporation, and addressed to the defendant, its treasurer, on June 16, 1910; the claim being based upon section 69 of the Stock Corporation Law (Laws of 1909, c. 61), which reads:

"Sec. 69. Financial Statement to Stockholders.   Stockholders owning five per centum of the capital stock of any corporation other than a moneyed corporation, not exceeding one hundred thousand dollars, or three per centum where it exceeds one hundred thousand dollars, may make a written request to the treasurer or chief fiscal officer thereof, for a statement of its affairs, under oath, embracing a particular account of all its assets and liabilities, and the treasurer shall make such statement and deliver it to the person presenting the request within thirty days thereafter, and keep on file for twelve months thereafter a copy of such statement, which shall at all times during business hours be exhibited to any stockholder demanding an examination thereof; but the treasurer or such chief fiscal officer shall not be required to deliver more than one such statement in any one year.   The Supreme Court, or any justice thereof, may upon application, for good cause shown, extend the time for making and delivering such certificate.   For every neglect or refusal of the treasurer or other chief fiscal officer thereof to comply with the provisions of this section he shall forfeit and pay to the person making such request the sum of fifty dollars, and the further sum of ten dollars for every twenty-four hours thereafter until such statement shall be furnished."

The defense is that upon the proof there was an actual compliance with whatever request the plaintiff made for a financial statement in the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

year 1910, and that, whether or not there was such compliance, the plaintiff's case must be deemed defective, both because of the furnishing to him of an earlier statement within one year prior to the request upon which this action is based, and because of his failure to make that request in the form and manner prescribed by the statute. Concededly the request upon which the case depends was communicated in a letter sent by mail to the defendant, dated June 16, 1910, and expressed as follows:

"To the Treasurer of the Evergreen Cemetery Corp'n, Care Messrs. W. R. Grace & Co., No. 1 Hanover Square, N. Y. City.

"Dear Sir: Will you please send me a statement of the assets and liabilities, also a copy of the balance sheet of the Evergreen Cemetery Corporation for the last fiscal year, and as shown on June 13th, 1910, and oblige,

"Respty. yours,                    Charles W. Troughton."

The liability sought to be enforced against the defendant is penal in its character, and the plaintiff to prevail must show compliance with the conditions of the statute, according to a strict construction to which the defendant is entitled. McCrea v. Bedell, 9 Misc. Rep. 372, 29 N. Y. Supp. 705; Whitney v. Cammann, 137 N. Y. 342, 33 N. E. 305. So examined, the case presented is, in my opinion, quite insufficient to support the imposition of the statutory penalty claimed. The statute as it was framed prior to the revision of the year 1890 (Laws of 1862, c. 472, § 1) provided simply for a written request to the treasurer of the corporation, stating that the stockholder desired "a statement of the affairs of such company." It then was made the duty of the treasurer "to make a statement of the affairs of said company, under oath, embracing a particular account of all its assets and liabilities." The amendment of this phraseology in the present statute accomplished a very material change in that the request itself must be "for a statement of its (the corporation's) affairs under oath, embracing a particular account of all its assets and liabilities." In other words, the stockholder must now request the form of account to which the statute has reference, whereas, under the earlier statute, the treasurer was bound to assume that a request for a statement of account meant this statutory account. There is of course an important distinction between a statement of the affairs of a corporation and "a particular account of all its assets and liabilities." The former could be satisfied by a summary, while the latter calls for particulars of the items entering into the summary statement.

As the statute now stands, the prescribed form of request is evidently intended to give the treasurer some reasonable form of notice that the stockholder is seeking to obtain information pursuant to legal right, as distinguished from a possible act of business courtesy. When so modified, the treasurer is put to the necessity of satisfying himself that the applicant is a stockholder qualified to the extent which the statute requires, and he must then proceed to prepare and furnish the account or incur the statutory penalty. That the form of request to present an apparent application under the statute is material cannot be doubted, in view of the nature of the duty imposed upon the treasurer, and giving due effect to the statutory amendment upon the subject. The

request sent by the plaintiff in this case was probably sufficient under the earlier statute, but it distinctly fails to meet the conditions prescribed by the amendment of 1890, and as in force at the present time. He did not ask for a "particular account of all the corporation's assets and liabilities," but contented himself with a request for a "statement" of the assets and liabilities while asking for certain other information upon subjects not within the statute at all. Such a "request" not only failed to meet the requirements of the law, but was in fact misleading, and I am clearly of the opinion that no penalty attached for the defendant's omission to furnish the detailed statutory account, which in a proper case it was his duty to render. Again, it would appear that the "written request" contemplated by this penal statute must be a request delivered to the official in person, not by mail. Such is the current of authority, where some substituted form of delivery is not expressly provided for by the law which imposes a penalty for nonobservance of notice. Brooks v. Tayntor, 17 Misc. Rep. 534, 536, 40 N. Y. Supp. 445; Matter of Sullivan, 31 Misc. Rep. 4, 64 N. Y. Supp. 586; Id., 52 App. Div. 634, 65 N. Y. Supp. 1147; Peabody v. Satterlee, 166 N. Y. 174, 177, 59 N. E. 818, 52 L. R. A. 956. This construction does not involve an absurdity, as the plaintiff argues, in requiring the stockholder to attend 30 days in person to accept the statement after delivery of the request. The duty of the treasurer after that delivery is to "make such statement and deliver it to the person presenting the request within 30 days thereafter." Thus the duty to deliver the statement is imposed upon the treasurer, and he can absolve himself from liability only by such delivery, to accomplish which he must, of course, seek out the applicant. While it may be that the account delivered in the year 1910 was not in full conformity with the statute, and assuming, with the plaintiff, that the defendant's delivery of an unsworn statement of account on July 6, 1909, did not exempt him from the duty of rendering the statutory account under oath within a year upon due request, my conclusion is that the plaintiff's case must fail because of his noncompliance with the statutory conditions precedent to his right to invoke the penalty with which he seeks to charge the defendant. There should be judgment for the defendant for the dismissal of the complaint. Proposed decision may be presented on notice of settlement. The plaintiff's motion to strike out the defendant's separate and partial defenses is denied upon the ground that the matter pleaded is sufficient as amplified denials, and that any correction in the form of the answer should have been sought before trial at Special Term. 2 Abb. Tr. Br. (2d Ed.) § 79.

Judgment accordingly.