WALTER STROPE, Plaintiff, *v.* ALBANY STEEL & IRON SUPPLY Co., INC., Defendant.

County Court, Albany County, May 18, 1937.

*Murphy, Aldrich, Guy & Broderick* [*Morris Simon* of counsel], for the plaintiff.

*George M. Simon,* for the defendant.

GALLUP, J. This is an action for a penalty brought pursuant to section 77 of the Stock Corporation Law. The plaintiff moved for judgment on the pleadings, and rested his case without offering any proof. The defendant likewise offered no proof and moved for judgment dismissing the complaint.

The plaintiff alleges that he is a stockholder of the defendant corporation, owning more than three per cent of the total of its capital stock; that F. Arthur Hunsdorfer was and now is the treasurer of said corporation; that on or about the 10th day of February, 1936, he made a written request of said F. Arthur Hunsdorfer, as such treasurer of the defendant corporation, for a statement of the affairs of said corporation under oath embracing a particular statement of all its assets and liabilities, and on the said date caused the said written request to be duly delivered to the said F. Arthur Hunsdorfer personally; that more than thirty days have elapsed since said written request was so made to the said treasurer, but that the said defendant and the said treasurer have neglected and refused to make or deliver any such statement to the defendant, and still continue such neglect and refusal; that since the expiration of the thirty days after such request there have expired 216 periods of twenty-four hours each, and that no part of the penalty prescribed by section 77 of the Stock Corporation Law has been paid; that neither the defendant nor its said treasurer in its behalf has delivered to the plaintiff such financial statement

within one year prior to the plaintiff's said request therefor, and upon information and belief, has not, within such period, delivered such financial statement to any other stockholders or kept on file any copy of such financial statement.

The defendant's answer denies only that portion of the plaintiff's complaint wherein it is alleged upon information and belief that the defendant has not within such period (of one year) delivered such a financial statement to any other stockholders, or kept on file any copy of such financial statement; and by limiting its denial to the portion of the complaint above referred to, it admits all of the other allegations of the complaint.

The plaintiff by moving for judgment on the pleadings without any offer of proof has failed completely to meet the issue presented by defendant's denial of his allegation, that within such period the defendant did not deliver such a financial statement to any other stockholder. Therefore, the question presented is whether the plaintiff, as a condition precedent to his right to recover, is required to prove that no such financial statement has been delivered within one year, to any other stockholder, and a copy of the same kept on file in the office of the corporation for twelve months thereafter. The plaintiff's contention is that the allegation in his complaint, " that no such financial statement was delivered to any other stockholder within one year," prior to his request for such a statement was surplusage and that the defendant's denial of said allegation does not place the burden upon him of offering any proof on that issue.

On the other hand, the defendant takes the position that the only issue in the case is whether it had delivered such a financial statement to a stockholder other than the plaintiff within one year and kept on file a copy of the same, and that the plaintiff having failed in his proof upon that issue, the defendant is entitled to a judgment of dismissal.

The principal case cited by both sides is *Troughton* v. *Grace* (151 App. Div. 655). There the defendant demurred to the complaint upon the ground that it was not alleged that the defendant had not delivered a financial statement to the plaintiff or to some other stockholder during the fiscal year within which the demand was made, and the demurrer was sustained, the court holding " that the clause providing that the treasurer shall not be required to deliver more than one such statement in any one year is in the nature of an exception rather than a proviso, as these terms are used in the decisions relating to the burden of pleading and proof;" and that " It is only in the event that such a statement has not been furnished within the year that the statute can be violated by refusal

to deliver a statement. The exception is incorporated in the clause imposing the duty, and constitutes a material part of the description of the acts which constitute the violation of the statute." It thus appears that all of the exceptions that are mentioned in the section must be negatived by the plaintiff before there may be a recovery. While in a portion of the opinion in *Troughton* v. *Grace* the court used language indicating that in order to prove a violation it must appear that no statement had been furnished within the year to any of its stockholders, further on in the same opinion it was expressly stated that " if the plaintiff had alleged that such a statement had not been furnished to him within the year, but failed to allege that no such statement had been furnished to any stockholder, it would be necessary to decide whether the Legislature contemplated that the only remedy of stockholders, no matter where they reside, is to go to the office of the company and inspect a copy of a statement on file which may have been furnished to another stockholder; but for the reasons stated that question is not presented for decision, and no opinion is expressed thereon." A careful study of the decision in *Troughton* v. *Grace* convinces me that it is not a precedent upon the question at issue in this action. We have here for decision the precise question that the court held was not presented and upon which it declined to express an opinion.

In the last analysis, the question is, what was the intent of the Legislature when it inserted in section 77 the provision, " but the treasurer shall not be required to deliver more than one such statement in any one year."

The quoted portion of the section is a part of the first sentence; it is separated from what precedes it by a semi-colon, and everything that precedes the quotation deals with the conditions that must exist and be complied with to entitle stockholders owning three per cent of the stock to request a financial statement. The entire first sentence of section 77 should be read and construed as a whole. We cannot ignore the punctuation and disregard the fact that a semi-colon follows all of the provisions with regard to the right to demand a financial statement, and precedes the exception that the treasurer shall not be required to deliver more than one in any one year. If the sentence is considered and construed as a whole and effect given to each part of it, the logical conclusion is that the latter part, that part following the semi-colon, is an exception and it cuts down the privileges of stockholders owning three per cent of the stock to demand a financial statement to be delivered to them to the *single instance* where no such statement has been delivered within the year to them or any other stockholder.

Approaching the question from a practical standpoint, consideration should be given to the fact that the stock might be split up in such a manner that should every stockholder owning three per cent thereof demand a financial statement whenever they wished, the treasurer might be required to devote practically his entire time to the preparation and delivery of such statements. To avoid such a result was the evident purpose of the provision that no more than one such statement could be required of the treasurer in any one year.

It is urged by the plaintiff that the provision of the section to the effect that " the treasurer shall make such statement and deliver it to the person making the request," can only be given effect by the adoption of his construction of the statute. It seems to me that this provision has reference only to the first stockholder to request a statement *in any one year*.

I am convinced that the true meaning and intent of section 77 is that the treasurer can only be required to make and deliver one such financial statement to any stockholder, or stockholders, during any one year, provided he keeps a copy of the same on file for twelve months after delivery to the stockholder so requesting the same, subject to the inspection of all other stockholders demanding examination thereof.

The remedy of all stockholders other than the first one to request a statement in any one year, is the privilege of examination of the copy kept on file in the office of the corporation.

Having arrived at these conclusions, I find that plaintiff's motion for judgment on the pleadings should be denied and that the defendant's motion for dismissal of the complaint should be granted, with costs. Judgment may be entered accordingly.