WALTER STROPE, Appellant, *v.* ALBANY STEEL & IRON SUPPLY Co., INC., Respondent.*

Third Department, October 27, 1937.

* Affg. 162 Misc. 934.

Murphy, Aldrich, Guy & Broderick [John H. Broderick of counsel; Morris Simon with him on the brief], for the appellant.

George M. Simon, for the respondent.

HILL, P. J. Plaintiff appeals from an order and judgment of the Albany County Court that dismissed his complaint in an action to recover a penalty under section 77 of the Stock Corporation Law. The statute requires the treasurer or other fiscal officer of a corporation to make a statement under oath of all its assets and liabilities whenever stockholders owning three per centum of its shares make a written request therefor. Upon the trial of this action the demand by a qualified stockholder and the failure by the treasurer to comply therewith were established and not questioned, but it did not appear that the treasurer had not delivered a statement within the year to another stockholder and that a copy thereof was not on file in the office of the corporation to be exhibited as required by the statute. "The treasurer shall make such statement and deliver it to the person making the request within thirty days thereafter, and keep on file in the office of the corporation for twelve months thereafter a copy of such statement, which shall at all times during business hours be exhibited to any stockholder demanding an examination thereof; *but the treasurer shall not be required to deliver more than one such statement in any one year.*" The plaintiff urges on this appeal that the treasurer is required to deliver as many statements during any one year as may be demanded by stockholders owning three per cent of the stock, and that the

limitation and exception quoted from the statute only excuses the treasurer from delivering during a year more than one statement to any one individual stockholder or group owning the required shares. The defendant contends that, under the statute, if the treasurer, at any time during a year, had delivered a statement to any stockholder or group, he is excused from delivering another. If defendant is correct in its construction as to the meaning of the section, the failure by the plaintiff to establish affirmatively that the treasurer had not delivered a statement and account to another stockholder during the year required a dismissal of his complaint. (*People* v. *Stedeker*, 175 N. Y. 57; *Troughton* v. *Grace*, 151 App. Div. 655.)

The simple and uninvolved language used in the exception, that " the treasurer shall not be required to deliver more than one *such* statement in any one year," indicates that when, upon a demand, the treasurer of a corporation has delivered " such " statement, another is not required in any one year, even if demanded by a stockholder or stockholders other than the one who first requested and obtained a statement. The requirement that a copy of the particular account and statement be kept on file in the office of the corporation, to be exhibited during business hours to any stockholder demanding an examination thereof, sustains the plain import of the wording of the exception. A statement and account of the assets and liabilities having been furnished, subsequent demands during the year are satisfied by exhibiting a copy of the one already made. Under plaintiff's claims, it would be possible to require the treasurer to make thirty-three statements during a year, or one every eleven days, including Sundays. This would interfere unreasonably with the business of the corporation. The case of *Troughton* v. *Grace* (*supra*), which has been cited to sustain the decision, does not deal with the construction to be given the section. The opinion in that case (bottom of p. 658) says " that question [the one here dealt with] is not presented for decision, and no opinion is expressed thereon."

The statute is plainly drawn, and thereunder the judgment and order should be affirmed.

RHODES, MCNAMEE, CRAPSER and HEFFERNAN, JJ., concur.

Orders and judgment affirmed, with costs.