ANTHONY DADDAZIO, Plaintiff, v. ONTARIO SAND AND GRAVEL Co., INC., Defendant.

Supreme Court, Monroe County, December 31, 1940.

*Weldgen, Newton & Morgan,* for the plaintiff.
*Chacchia, Lynch & Roberts,* for the defendant.

LAPHAM, J. This is a motion by the defendant to change the venue of this action from Monroe county to the county of Ontario on the ground that under subdivision 1 of section 184 of the Civil Practice Act, Ontario county is the proper county for trial. The action is brought by a stockholder of the defendant company to recover the penalties under section 77 of the Stock Corporation Law for the failure of the treasurer of the defendant to comply with the request of the plaintiff for a particular account of all its assets and liabilities.

The complaint alleges that on November 1, 1939, the plaintiff served a written request personally on the treasurer of the defendant asking for a statement of its affairs under oath embracing the particular account of all its assets and liabilities and to be delivered to the plaintiff at an address in the city of Rochester, N. Y.; that neither the treasurer nor the defendant has furnished the requested statement and that neither the defendant nor its treasurer has delivered or been required to deliver to the plaintiff or to any other stockholder any statement under section 77 of the Stock Corporation Law within one year before the making of the request, and that no copy of any such statement delivered to any other stockholder has been kept on file in the office of the corporation.

The answer admits that the treasurer of the defendant corporation received the plaintiff's written request, and admits that within one year before the plaintiff's request was made, the defendant and its treasurer had not delivered and had not been required to deliver to the plaintiff or to any other stockholder any statement under section 77 of the Stock Corporation Law. The answer denies the other allegations in the complaint and alleges as an affirmative defense that within thirty days after the plaintiff's request was received the defendant made and executed the statement required by section 77 and caused such statement to be delivered to the plaintiff, and that this statement has been on file in the office of the corporation.

This is an action to recover a statutory penalty which subdivision 1 of section 184 of the Civil Practice Act requires must be tried " in the county where the cause of action or some part thereof arose." A cause of action consists not only in the right of the plaintiff but also in the duty and obligation of the defendant. The orbit of the duty and obligation of the defendant to the plaintiff stockholder is defined in section 77 of the Stock Corporation Law. After the stockholder has made his request for a particular account of all the assets and liabilities of the corporation in which he holds at least three per cent of the shares of stock " the treasurer shall make such statement and deliver it to the person making

the request within thirty days thereafter, and keep on file in the office of the corporation for twelve months thereafter a copy of such statement, which shall at all times during business hours be exhibited to any stockholder demanding an examination thereof; but the treasurer shall not be required to deliver more than one such statement in any one year."

The cause of action given by the statute cannot be narrowed to the mere failure to deliver the statement to the plaintiff in Monroe county. The cause of action is not given for a failure to comply with the plaintiff's demand for a statement; it is given for a failure to obey all the provisions of section 77 of the Stock Corporation Law. (*Troughton* v. *Grace*, 151 App. Div. 655; *Strope* v. *Albany Steel & Iron Supply Co.*, 162 Misc. 934; affd., 252 App. Div. 311.)

The treasurer of the corporation must prepare a statement before he can deliver it and he must file a copy of this statement in the office of the corporation. The failure to perform these acts is as much a constituent part of the cause of action under section 77 as the failure to deliver the statement to the stockholder making the request. There was an alleged omission to perform these acts, at least, in Ontario county and part of the cause of action arose there.

The contention of the plaintiff that the cause of action arose in Monroe county assumes that the treasurer had to deliver the statement personally to the stockholder in Monroe county. Section 77 of the Stock Corporation Law is silent on the method of delivery of the statement. The statute is highly penal in character and it is to be strictly construed. (*Osborne* v. *International Ry. Co.*, 226 N. Y. 421; *Dairymen's League Co-op. Assn.* v. *Brockway*, 173 Misc. 183.) I do not believe that the statute requires a personal delivery of the financial statement to the stockholder. A personal delivery is required only when certain rights are dependent upon the giving of a notice. There is a reason for requiring personal service of a notice which is the prelude to the assertion of rights that could not otherwise be asserted. There is no reason for requiring personal service when no rights are to attach after the giving of such notice. Here the treasurer was not entitled to assert any rights after the financial statement was furnished and the delivery of the statement was not a prerequisite to the right of the treasurer or of the corporation to claim any benefits. The benefits were to flow to the stockholder and not to the treasurer or to the corporation.

The cases cited by the plaintiff which hold that where a statute is silent on the method of giving notice before certain penalties

and rights attach personal notice is required, are not decisive here. There is a distinction between the delivery of information in response to a demand, and the service of a notice. A notice initiates certain rights and duties and before these come to life, it is important that the notice actually reach the person for whom it was intended.

The treasurer of the corporation, no doubt, must take the risk that his statement will not reach the stockholder if he chooses some other way of reaching him than by personal delivery but the statute does not forbid the treasurer to take the risk under any circumstances. A delivery by registered mail to the stockholder or a delivery to the duly authorized agent of the stockholder would seem to meet all the purposes of the statute. The plaintiff here does not say that he never received any statement from the treasurer of the defendant. The heart of his contention is that a statement which he did receive did not conform with the requirements of section 77 of the Stock Corporation Law.

To adopt the interpretation which the plaintiff urges would be to make the residence of the stockholder controlling on the question of venue. The statute obviously contemplates more certainty of venue than the shifting residences of stockholders. The particular statement of the assets and liability of the company which the statute commands the treasurer to make can be prepared only in the place where the corporation conducts its business and where its books are kept and any dispute over the character of the statement can be best resolved there.

It is conceded on this motion that a statement prepared by the treasurer and the defendant was delivered to an attorney in Ontario county and that this statement was mailed by him to the attorneys for the plaintiff in Monroe county. It is impossible to say on the conflicting affidavits before me whether this attorney was acting as an agent for the plaintiff. It is clear, however, that there was a delivery of a statement within Ontario county. Whether such delivery was binding on the plaintiff can be determined only on a trial of this action. For the purpose of this motion it is enough to say that there was not a failure to make any delivery at all which could, as a constituent element of the cause of action, have been properly considered in determining the proper county for the trial of this action.

The motion of the defendant to change the place of trial from Monroe county to the county of Ontario is granted without costs.

Let order enter accordingly.