In the Matter of JULIUS FEINBERG et al., as Executors of JACOB M. FEINBERG, Deceased, Petitioners, against HERMAN ENSELBERG, as Treasurer of Boulevard Sanitarium Corporation, Respondent.

Supreme Court, Special Term, Queens County, July 23, 1945.

*John G. Turnbull* for petitioners.

*E. Robert Marks* for respondent.

DALY, J. Proceeding under article 78 of the Civil Practice Act to require the respondent, as Treasurer of Boulevard Sanitarium Corporation, to deliver a financial statement to petitioners as stockholders, in accordance with the provisions of section 77 of the Stock Corporation Law. The respondent contends that the petition is insufficient on its face, and in any event shows that a statement as required by the aforesaid statute was prepared and forwarded to the petitioners, a copy of which is annexed to the petition as Schedule B.

The respondent, by his attorneys, has served his answer to the petition in which he denies certain allegations thereof and sets up three affirmative defenses: (1) that Exhibit B attached to the petition is a complete statement of the affairs of the corporation as required by the statute; (2) that prior to the commencement of these proceedings the respondent, at the request of the petitioners, allowed and permitted a certified public accountant selected by petitioners to make a full, complete and free examination of the books and records of the corporation, and that it will allow any certified public accountant chosen and selected by the petitioners, at their own expense, full and free access to the books and records of the corporation at any reasonable business hours of the day, of which fact the petitioners have been duly apprised, and (3) that the petition is, as a matter of law, insufficient.

The respondent contends that since it appears from the petition that the demand for a statement pursuant to the statute was served upon him by mail, jurisdiction sufficient to bottom this proceeding has not been obtained, citing *Troughton* v. *Grace* (84 Misc. 577) where it was held that the " written request " contemplated by an older statute requiring a financial statement to be given to stockholders had to be delivered to the official in person and not by mail. The respondent has not, however, appeared specially to raise the question of whether the court obtained jurisdiction. Instead he has served by his attorneys an answer on the merits, thereby waiving his right to assail the claim of jurisdiction. It has been held that if at any stage of a proceeding a party becomes an actor therein by participating in a controversy respecting the merits, there is a general appearance. (*Henderson* v. *Henderson*, 247 N. Y. 428; *Dyker Heights Home for Blind Children* v. *Stolitzky*, 250 App. Div. 229.)

As for the defense that the respondent has already complied with the requirements of the statute by serving Exhibit B annexed to the petition, the petitioners claim that such statement is insufficient inasmuch as it does not contain facts showing the income account. They cite *Matter of Burkan* v. *Ex-Lax, Inc.* (253 App. Div. 754). An examination of the record on appeal in the last cited case, however, indicates that the penal statute, section 77 of the Stock Corporation Law, was not involved. The application there was similar to that made in *Matter of Durr* v. *Paragon Trading Corp.* (270 N. Y. 464) and was essentially in the exercise of a stockholder's common-law right to secure an inspection of the books of account and

in addition the absolute right with respect to the stock books which is granted by section 10 of the Stock Corporation Law. The *Burkan* case (*supra*) is therefore, inapposite.

Section 77 of the Stock Corporation Law embraces " a particular account of all its [the corporation's] assets and liabilities * * *." There is no requirement that the statement embrace income *in addition* to the corporation's " assets and liabilities ". Since the statute is highly penal in character it must be strictly construed. (*Daddazio* v. *Ontario Sand & Gravel Co., Inc.*, 175 Misc. 518, affd. 264 App. Div. 821.) It cannot be enlarged to include matter not expressly required thereby.

It follows that the instant application must be denied without prejudice to such other proceedings as the petitioners may be advised to take.

Settle order on notice.