DAVID ENGELHARD, Plaintiff, *v.* SPADEA FASHIONS, INC., Defendant.

Municipal Court of the City of New York, Borough of Queens, March 21, 1952.

*Davis & Gilbert* for defendant.

*Ducker & Feldman* for plaintiff.

Morris, J. This is a motion for change of venue. The action is brought pursuant to section 77 of the Stock Corporation Law. The plaintiff is a resident of the Rockaways and lives in the Fifth Municipal Court District, Queens County. The defendant corporation has its principal office in the Borough of Manhattan, City of New York. The defendant brought this motion to transfer this action to Manhattan on the ground that a stockholder's action against a corporation to recover penalties for failure of its treasurer to comply with stockholder's request for a statement of a corporation's assets and liabilities is in the county in which the corporation maintains its office rather than in the county of the stockholder's residence. (*Daddazio* v. *Ontario Sand & Gravel Co.*, 175 Misc. 518, affd. 264 App. Div. 821.)

In the *Daddazio* case (*supra*), on an application for a change of venue, the Supreme Court held that under the provisions of subdivision 1 of section 184 of the Civil Practice Act an action in the Supreme Court to recover a statutory penalty must be tried "in the county where the cause of action   *   *   *   arose," and granted the motion of the defendant to change the venue of the action to the county in which the corporation had its principal place of business. Section 17 of the New York City Municipal Court Code provides: " An action must be brought in a district within the borough in which either the plaintiff or defendant   *   *   *   resides or has a place for the regular transaction of business ". In the *Daddazio* case at page 519 the court stated: " This is an action to recover a statutory penalty which subdivision 1 of section 184 of the Civil Practice Act requires must be tried ' in the county where the cause of action or some part thereof arose.' "

It must be borne in mind that section 184 of the Civil Practice Act (*supra*) refers to an action brought in the Supreme Court to recover a penalty imposed by statute. There is no such requirement in any section of the Municipal Court Code, *id est*, that an action to recover a penalty imposed by statute must be tried in the county where the cause of action or part thereof arose. On the contrary section 17 of the Municipal Court Code requires that the action must be brought in a district within the borough in which either the plaintiff or defendant resides or has a place for the regular transaction of business. There is nothing in section 77 of the Stock Corporation Law which requires an action in the Municipal Court to be tried in the county where the cause of action arose.

The court is of the opinion that the *Daddazio* case (*supra*) is not binding on the Municipal Court and that section 17 (*supra*) of the Municipal Court Code controls the venue of the action. There is a specific provision in the Municipal Court Code that the action must be brought where this action was brought, *id est*, in the Borough of Queens and the plaintiff properly selected the district of his residence in the county of his residence. If there was no specific provision in the Municipal Court Code as to the place of trial then the rules and practice in the Supreme Court would apply. (N. Y. City Mun. Ct. Code, § 15.) The Legislature has directed and section 17 of the Municipal Court Code requires that the action be tried in Queens County.

Motion denied.