**DERNELL v. STEEL PARTITIONS, Inc.**

Civ. A. No. 4983.

United States District Court
W. D. New York.

May 22, 1952.

Harry A. Rachlin, Buffalo, N. Y., for plaintiff.

Rogerson & Hewes, Jamestown, N. Y., for defendant.

KNIGHT, Chief Judge.

Similar motions for summary judgment have been made by plaintiff and defendant under Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A., both returnable at the same hour on April 28, 1952.

Plaintiff's motion will be considered first. The motion is to recover from the defendant the relief demanded in the complaint for neglect or refusal to comply with the provisions of the New York Stock Corporation Law, McK.Consol.Laws, c. 59, § 77 respecting the furnishing of a statement of the affairs of the defendant.

The context of the statute invoked by plaintiff is as follows:

"§ 77. Financial statement to stockholders

"Stockholders owning three per centum of the shares of any corporation other than a moneyed corporation may make a written request to the treasurer or other fiscal officer thereof for a statement of its affairs, under oath, embracing a particular account of all its assets and liabilities, and the treasurer shall make such statement and deliver it to the person making the request within thirty days thereafter, and keep on file in the office of the corporation for twelve months thereafter a copy of such statement, which shall at all times during business hours be exhibited to any stockholder demanding an examination thereof; but the treasurer shall not be required to deliver more than one such statement in any one year. The supreme court, or any justice thereof, may upon application, for good cause shown, extend the time for making and delivering such statement. For every neglect or refusal to comply with the provisions of this section the corporation shall forfeit and pay to the person making such request the sum of fifty dollars, and the further sum of ten dollars for every twenty-four hours thereafter until such statement shall be furnished."

In the complaint it is alleged that plaintiff is a resident of California, owning upwards of 3% of the capital stock of defendant, and that defendant is a New York corporation. These allegations are admitted by defendant in its answer. Further, allegations of the complaint are recitals of dates of letters from plaintiff to defendant's treasurer, president and chairman of the board of directors and an excerpt of a letter to plaintiff from defendant's president; that defendant had not furnished any detailed statement of its financial affairs other than a report for the year 1938 and that this Court has jurisdiction based on diversity of citizenship and the amount involved. All of these allegations are denied by defendant and, specifically, it is denied that plaintiff made written request to defendant's treasurer or other fiscal officer for a statement of its affairs, under oath, embracing a particular account of all its assets and liabilities, at the times specified and mentioned in the complaint or at any other time. The defendant then alleges affirmative defenses of the statute of limitations; that defendant prepared and delivered to plaintiff particular accounts including year-end and interim reports, and that the treasurer each year delivered a particular account to one or more stockholders.

From the briefs and oral arguments it appears that there is no substantial issue of fact; that there is basically an issue of law only, particularly relating to the sufficiency and service of the plaintiff's alleged written request to the treasurer or other fiscal officer of defendant for a statement of the defendant's affairs.

No dispute exists that six letters, copies being attached to defendant's motion papers, were sent by plaintiff to defendant, to Mr. Rueben T. Johnson, its president, and to Mr. Arnold P. Holmberg, at times its treasurer, and received in due course. Not one of the letters referred to has in it a request for a statement of the affairs, under oath, embracing a particular account of the defendant as indicated by New York Stock Corporation Law, § 77, unless it can be spelled out of the letter dated November 21, 1949, which is addressed to the defendant, attention "Mr. Arnold P. Holmberg, Secretary-Treasurer". It is not denied by plaintiff that Mr. Holmberg was not the treasurer of defendant at the time that letter was written or received. The letters addressed to Holmberg or to the defendant for his attention are generally of the instructive, advisory and social trend, not such as would put a person on guard that the plaintiff intended to pursue the matter as a request for a statement made under the Stock Corporation Law.

The statute here invoked by plaintiff is penal in its nature and must, therefore, be given a strict construction. Dad dazio v. Ontario Sand & Gravel Co., 175 Misc. 518, 24 N.Y.S.2d 179, affirmed 264 App.Div. 821, 35 N.Y.S.2d 464; Matter of Feinberg v. Enselberg, 185 Misc. 358, 56 N.Y.S.2d 741; Troughton v. Grace, 84 Misc. 577, 147 N.Y.S. 993, affirmed 151 App.Div. 655, 136 N.Y.S. 200; Pray v. Todd, 71 App.Div. 391, 75 N.Y.S. 947.

It is quite evident that defendant through its officers and Mr. Holmberg, when not an officer, did not believe or ever surmise that plaintiff was, by his letters, laying the foundation for an action for penalties under section 77. Promptly after the service of the summons and complaint herein, defendant made and delivered to plaintiff in accordance with the request therein indicated a statement conforming with the requirements of section 77. Then, for the first time, defendant was apprised that plaintiff was making a request in writing for a statement pursuant to statute. "A statement of its affairs" is different from "a particular account of all its assets and liabilities." Troughton v. Grace, 84 Misc. at page 580, 147 N.Y.S. at page 994. A written request contemplated by the statute involved must be a request delivered to the official in person, not by mail. Troughton v. Grace, 84 Misc. 577, 147 N.Y.S. 993; Brooks v. Tayntor, 17 Misc. 534, 40 N.Y.S. 445; Matter of Sullivan, 31 Misc. 1, 4, 64 N.Y.S. 586, affirmed 53 App. Div. 637, 66 N.Y.S. 1143; Peabody v. Satterlee, 166 N.Y. 174, 177, 59 N.E. 818, 52 L.R.A. 956. However, defendant has not taken advantage of the improper service of the request by appearing special-

ly for that purpose. Rather defendant chose to interpose an answer and thereby waived its right to assail the claim of jurisdiction. Matter of Feinberg v. Enselberg, 185 Misc. 358, 56 N.Y.S.2d 741.

Giving a strict construction to Section 77, it must be determined whether the letters written by plaintiff to defendant or any of them were adequate to satisfy the statute. After carefully reading each letter several times I have come to the conclusion that none of them is sufficient despite my feeling that plaintiff should, under the circumstances of friendliness and distance, have been afforded some information in response to each letter.

The defendant's motion for summary judgment dismissing plaintiff's complaint is granted.