EMANUEL STEINHARDT et al., Appellants, *v.* DAVID BINGHAM et al., Respondents.

SALES — NOTICE OF SHIPMENT OF MERCHANDISE WITHIN FIXED TIME — WHEN PERSONAL OR ACTUAL NOTICE REQUIRED. Under a provision in a contract of sale of grain that "The sellers shall furnish to buyers steamer's name and quantity loaded, within five days of date of bill of lading," time is of the essence of the contract, and compliance with such provision is a condition precedent to the sellers' right to demand acceptance of the cargo, where it appears that the grain was purchased for the purpose of selling it in a foreign port to which it was to be shipped by first-class steamer from any one of several domestic ports, at the option

of the shippers, so that it was necessary that the purchasers should know the name of the steamer and the amount of the cargo that they might notify their consignees a sufficient time in advance to enable them to be ready to receive and take care of the cargo; the contract being silent as to the character of the notice, personal or actual notice within the time fixed by the contract is necessary, and notice given by a letter mailed within five days from the time of the shipment, but not received by the purchasers until after the expiration of five days from the date of the bill of lading, is not a sufficient compliance with the contract.

*Steinhardt* v. *Bingham,* 90 App. Div. 149, affirmed.

(Argued June 6, 1905; decided October 3, 1905.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 24, 1904, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*A. Blumenstiel* for appellants. The mailing of the notice within five days was sufficient, the contract not contemplating that the notice should reach the defendants within five days of the date of the bill of lading. (*Beakes* v. *Da Cunha,* 126 N. Y. 297; *Peabody* v. *Saterlee,* 166 N. Y. 174; *Hicks* v. *V. A. Assur. Co.,* 162 N. Y. 284.)

*Jacob F. Miller* for respondents. The notice required by the contracts upon which this action is brought is a notice actually received within the prescribed time. (*Peabody* v. *Satterlee,* 166 N. Y. 174; *Fink* v. *Fink,* 171 N. Y. 616; *Crown Point Iron Co.* v. *Ætna Ins. Co.,* 127 N. Y. 608–618; *Rathburn* v. *Acker,* 18 Barb. 393; *McDermott* v. *Board of Police,* 25 Barb. 635; *People ex rel.* v. *L. & B. R. R. Co.,* 13 Hun, 211; *People ex rel.* v. *H. T. Club,* 38 N. Y. S. R. 4; *Wachtel* v. *N. W. & O. B. Society,* 84 N. Y. 31.)

HAIGHT, J. This action was brought to recover damages resulting to the plaintiffs from the failure of the defendants to accept a cargo of corn shipped to them.

On the 22d day of January, 1897, the plaintiffs entered into two contracts with the defendants, by which they agreed to ship 15,000 quarters of No. 2 corn from any Atlantic or Gulf ports, at seller's option, to the defendants at Liverpool by first-class steamer.    Each contract contained the provision : "The sellers shall furnish to buyers steamer's name and quantity loaded, within five days of the date of bill of lading." The cargo in question was shipped at New Orleans by steamship Tampican on the 24th day of April, 1897, and on the 27th day of April thereafter the plaintiffs wrote the defendants at New York giving an account of the shipment and inclosing the bill of lading, and stating that they had drawn on them at sight for the amount due thereon.    It appears that this letter did not arrive within the five days from the date of the bill of lading, and upon receiving notice of the arrival of the draft the defendants wired the plaintiffs, declining to accept the cargo.    The defendants had ordered the cargo for the purpose of selling in Liverpool and it was necessary for them to know the name of the steamer and the amount of the cargo so that they could give notice to their agent or purchaser in Liverpool a sufficient time in advance so that they could be ready to receive and take care of the cargo.    It is, therefore, apparent that the time of the giving of the notice of the shipment was of the essence of the contract, and that this provision should have been complied with by the plaintiffs as a condition precedent to their right to demand of the defendants an acceptance of the cargo.

· We are thus brought to a consideration of the question as to whether the letter mailed on the 27th day of April at New Orleans was a compliance with the provision of the contract. It was mailed within five days of the issuing of the bill of lading but it did not arrive in New York until after the expiration of the five days.    Had it arrived in New York and been received by the defendants within the five days, it would doubtless have been a sufficient notice.    The contract, as we have seen, is silent as to the character of the notice that should be given.    The general rule of law is, that where any statute

or the terms of any contract require notice to be given and there is nothing in the context of the statute or the contract to show that any other notice was intended, a personal or actual notice must be given. But when it is apparent from the context of the statute or contract, or the circumstances surrounding the case were such as to show that a personal notice was not intended, a notice by mail may be given. (*Beakes* v. *Da Cunha*, 126 N. Y. 293.) By referring to the contract we see that the shipments may be made at the option of the plaintiffs from any Atlantic or Gulf ports. They may, therefore, be made from Boston, New York, or other nearby ports. They are required to be made by first-class steamers. A notice must be given to the defendants in New York within five days after shipment. The steamer may then be five days on its way to Liverpool. The defendants are then required to give timely notice to their consignees at Liverpool, so that they may be prepared to receive and care for the corn upon its arrival. If the plaintiffs may wait until the expiration of the five days and then give the notice by mail which may postpone the actual notice to the defendants for two or three days longer, they may be unable to give the notice required by their consignees, and themselves be placed in default upon the contract by reasons of such delay.

We, therefore, think that, under the circumstances of this case, actual notice within five days was contemplated by the parties to the contract, and that, therefore, the nonsuit was properly granted by the trial court.

The judgment should be affirmed, with costs.

CULLEN, Ch. J., GRAY, O'BRIEN, BARTLETT, VANN and WERNER, JJ., concur.

Judgment affirmed.