## In re BLUMBERG. (No. 1.)

(Supreme Court, Appellate Division, Second Department. February 23, 1912.)

1. MECHANICS' LIENS (§ 223*)—DISCHARGE BY UNDERTAKING—SERVICE OF NOTICE.

Under Lien Law (Consol. Laws 1909, c. 33) § 19, subd. 4, which requires that a copy of the undertaking to discharge mechanics' liens be served upon the lienor or his attorney, or, if the lienor cannot be found or does not appear by attorney, by leaving copies at his place of residence, or, if his place of residence is not known, in such manner as the court may direct, where an assignment of the lien showing the place of residence of the assignee has been filed, the undertaking must be personally served on the assignee, and the court has no power to order them to be served by mail, although the assignee's residence is outside of the state, since the statute permits service in such manner as the court may direct only when the place of residence of the person served is not known.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 407; Dec. Dig. § 223.*]

2. NOTICE (§ 10*)—SERVICE—METHOD.

When a statute provides for the giving of notice, but is silent as to the character of the service, it must be personal, and, when it prescribes the method of service, that method must be strictly pursued.

[Ed. Note.—For other cases, see Notice, Cent. Dig. §§ 22–24, 30, 32–36; Dec. Dig. § 10.*]

3. STATUTES (§ 182*)—CONSTRUCTION—HARDSHIP.

Where a statute is plain and explicit, it must be complied with, although compliance be attended with great inconvenience.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 260; Dec. Dig. § 182.*]

4. MECHANICS' LIENS (§ 223*)—DISCHARGE BY UNDERTAKING—NECESSITY OF STRICT COMPLIANCE.

A proceeding for the discharge of a mechanic's lien by the execution of an undertaking is for the benefit of the owner of the premises; and he should be held to strict observance of the statutory requirements.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 407; Dec. Dig. § 223.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Kings County.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Marshall Snyder, for appellant.
Arthur G. Fuchs, for respondent.

JENKS, P. J. This appeal is from an order of the Special Term that denies a motion to vacate an order for the discharge of a mechanic's lien upon execution of an undertaking. On August 23, 1911, the lienor assigned the lien to Lena Greenbaum. The assignment stated that her residence was "at 2140 Crystal street, in the city of Chicago, state of Illinois," and was indorsed: "George C. Schnitzer, 26 Court St., Brooklyn, N. Y." On August 30, 1911, the owner of the premises obtained an order ex parte at Special Term that determined the amount of a bond to be given to discharge the lien, and directed that a copy of the bond, with notice of justification of the sureties, be served upon the claimant and assignee, Lena Greenbaum, "by depositing in the general post office of the borough of Brooklyn, county of Kings and state of New York, a copy of such notice of such bond contained in a securely postpaid wrapper, together with a copy of this order, directed to said claimant and assignee, Lena Greenbaum, at No. 2140 Crystal street, city of Illinois, and state of Chicago" (sic). The undertaking was filed on August 30, 1911, and on that day the attorney for the owner made affidavit that he had served a copy of an annexed notice of justification and undertaking and a copy of the order "fixing the amount of the undertaking upon Lena Greenbaum, the claimant and assignee of the mechanic's lien herein, by depositing the same in the general post office of the borough of Brooklyn, county of Kings, and state of New York, in a securely post paid wrapper addressed to said Lena Greenbaum, to wit—No. 2140 Crystal city of Illinois and state of Chicago (sic), which is a direct mail communication between said points." On September 6, 1911, the Special Term made an order upon the approval and filing of the bond that discharged the lien. On November 30th an attorney, who appeared for the said Lena Greenbaum specially to vacate the order and to reinstate the mechanic's lien, moved for that relief, but the motion was denied on January 2, 1912. Theretofore a motion had likewise been made to vacate the order of September 6th and to reinstate the lien, which had been denied on December 23, 1911. An affidavit of Lena Greenbaum was submitted to the effect that she had never received any notice of justification, and that she was not aware at any time before October 19, 1911, that the lien had been bonded, discharged, and canceled of record, when she was informed by an attorney of the city of New York, whom she had retained, of these facts. That attorney by affidavit sustained her as

to the source of her information. The question of the power of the court was presented.

[1] The provisions for notice of justification of the sureties are contained in section 19 of the lien law. The general provision is as follows: ·

"A copy of the undertaking, with notice that the sureties will justify before the court, or a judge or justice thereof, at the time and place therein mentioned, must be served upon the lienor or his attorney, not less than five days before such time."

This contemplates personal service upon the lienor or his attorney. ·Matter of Sullivan, 31 Misc. Rep. 1, 64 N. Y. Supp. 586, affirmed 53 App. Div. 637, 66 N. Y. Supp. 1143, and cases cited; Nichols' New York Practice, 647, and cases cited. There is no contention that such service was made in this proceeding. The further provision for service is as follows:

"If the lienor cannot be found, or does not appear by attorney, such service may be made by leaving a copy of said undertaking and notice at the lienor's place of residence, or if a corporation at its principal place of business within the state as stated in the notice of lien, with a person of suitable age and discretion therein, or if the house of his abode or its place of business is not stated in said notice of lien and is not known, then in such manner as the court may direct. The premises, if any, described in the notice of lien as the lienor's residence or place of business shall be deemed to be his said residence or its place of business for the purposes of said service at the time thereof, unless it is shown affirmatively that the person serving the papers or directing the service had knowledge to the contrary."

Respondent contends: "It is apparent from the context of section 19, subd. 4, Mechanic's Lien Law 1909, and the circumstances surrounding the case at bar, that it was legal and proper" for the court to direct the said service by mail. And his argument is that as the assignee and lienor is a resident of Chicago, Ill., with no place of abode within the state where service could be effected, it was legal and proper to direct service "in such manner as the court may direct." The expression "apparent from the context" (of the statute) "and the circumstances surrounding the case" is that used by the Court of Appeals in Steinhardt v. Bingham, 182 N. Y. at page 329, 775 N. E. 404. I cannot see aught in the context of the statute that avails the respondent.

[2] As I have said, when the statute is silent as to the character of the service, it must be personal. When it prescribes the method of service, that method must be strictly pursued. Reg v. Meath, 2 Ir. Rep. 21; Allen v. Strickland, 100 N. C. 225, 6 S. E. 780; Phillips on Mechanics' Liens on Real Property, § 321. The latter provision quoted is limited to cases when the lienor cannot be found or does not appear by attorney (which seems to be this case if it is within the purview of the provision at all), and the service is to be made by leaving a copy of said undertaking and notice at the lienor's place of residence with a person of suitable age and discretion therein. And it is only under the further condition that if the house of the lienor's abode is not stated in said notice of lien, and is not known, any discretion as to the manner of service is conferred on the court. We may infer from the terms of the order, although the papers of

application are not in the record, that it rests upon the showing that the residence of the lienor was known. Moreover, that fact appears in the assignment of the lien. "The circumstances surrounding the case" would not justify departure from the terms of the statute, which are plain.

[3] It may well be that it is more convenient to reach this assignee by mail, but the argument of convenience has no place when the statute is plain and explicit. In Putnam v. Longley, 11 Pick. 487, the court say:

"It is said that this construction will be attended with great inconvenience, especially where the creditors are numerous, and could not have been intended by the Legislature. The argument from inconvenience may have considerable weight upon a question of construction, where the language is doubtful. It is not to be presumed, upon doubtful language, that the Legislature intended to establish a rule of action which would be attended with inconvenience. But where the language is clear, and where, of course, the intent is manifest, the court is not at liberty to be governed by considerations of inconvenience."

[4] We must take into consideration that this is a proceeding for the benefit of the owner of the premises, and that, therefore, he should be held to strict observance of the statutory requirements thereof. Phillips on Mechanics' Liens on Real Property, § 303a. The lienor here is virtually brought into court by the notice in question for the opportunity of exercising the substantial right to examine into the validity of the undertaking which lifts the lien, and it would follow that the statute that provides for such notice must be followed in "every essential particular." Seymour v. Judd, 2 N. Y. 464, cited in Merritt v. Village of Portchester, 71 N. Y. 309, 311, 27 Am. Rep. 47; Endlich on Interpretation of Statutes, § 435. Service in this case can be made in the state of Illinois in the manners prescribed by the statute, inasmuch as the lien is primarily a charge upon land within the state over which our courts have complete control. Phillips on Mechanics' Liens, § 321, and cases cited. And so it could be through the mails if the statute had so provided.

I think that the order must be reversed, with $10 costs and disbursements, and the motion to reinstate the lien must be granted, with $10 costs. All concur; BURR, J., not voting.

---

### In re BLUMBERG. (No. 2.)

(Supreme Court, Appellate Division, Second Department. February 23, 1912.)

Appeal from Special Term, Kings County.

Application by David Blumberg for an order discharging a mechanic's lien. From an order denying a motion to vacate an order for the discharge of the lien, and to reinstate the lien, Lena Greenbaum, assignee of the lien, appeals. Reversed, and motion to reinstate lien granted.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Marshall Snyder, for appellant.
Arthur G. Fuchs, for respondent.