application are not in the record, that it rests upon the showing that the residence of the lienor was known. Moreover, that fact appears in the assignment of the lien. "The circumstances surrounding the case" would not justify departure from the terms of the statute, which are plain.

[3] It may well be that it is more convenient to reach this assignee by mail, but the argument of convenience has no place when the statute is plain and explicit. In Putnam v. Longley, 11 Pick. 487, the court say:

"It is said that this construction will be attended with great inconvenience, especially where the creditors are numerous, and could not have been intended by the Legislature. The argument from inconvenience may have considerable weight upon a question of construction, where the language is doubtful. It is not to be presumed, upon doubtful language, that the Legislature intended to establish a rule of action which would be attended with inconvenience. But where the language is clear, and where, of course, the intent is manifest, the court is not at liberty to be governed by considerations of inconvenience."

[4] We must take into consideration that this is a proceeding for the benefit of the owner of the premises, and that, therefore, he should be held to strict observance of the statutory requirements thereof. Phillips on Mechanics' Liens on Real Property, § 303a. The lienor here is virtually brought into court by the notice in question for the opportunity of exercising the substantial right to examine into the validity of the undertaking which lifts the lien, and it would follow that the statute that provides for such notice must be followed in "every essential particular." Seymour v. Judd, 2 N. Y. 464, cited in Merritt v. Village of Portchester, 71 N. Y. 309, 311, 27 Am. Rep. 47; Endlich on Interpretation of Statutes, § 435. Service in this case can be made in the state of Illinois in the manners prescribed by the statute, inasmuch as the lien is primarily a charge upon land within the state over which our courts have complete control. Phillips on Mechanics' Liens, § 321, and cases cited. And so it could be through the mails if the statute had so provided.

I think that the order must be reversed, with $10 costs and disbursements, and the motion to reinstate the lien must be granted, with $10 costs. All concur; BURR, J., not voting.

---

### In re BLUMBERG. (No. 2.)

(Supreme Court, Appellate Division, Second Department. February 23, 1912.)

Appeal from Special Term, Kings County.

Application by David Blumberg for an order discharging a mechanic's lien. From an order denying a motion to vacate an order for the discharge of the lien, and to reinstate the lien, Lena Greenbaum, assignee of the lien, appeals. Reversed, and motion to reinstate lien granted.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Marshall Snyder, for appellant.
Arthur G. Fuchs, for respondent.

PER CURIAM. Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs, on authority of Matter of Blumberg (Appeal No. 1) 133 N. Y. Supp. 774, decided herewith.

BURR, J., not voting.

───────────

HOPPER et al. v. BRITT et al., Board of Elections of City of New York.

(Supreme Court, Appellate Division, First Department. February 23, 1912.)

1. ELECTIONS (§ 120*)—PRIMARY BALLOTS—STATUTORY PROVISIONS—VALIDITY.

   The provisions of Laws 1911, c. 891, §§ 57, 58, authorizing party emblems, providing for their use on the primary ballot, and authorizing the use of party emblem as the committee emblem of the party, are not invalid; and the mere fact that the party committee which until displaced represents the majority of the party membership is given the use of the party emblem is not an abuse of legislative power.

   [Ed. Note.—For other cases, see Elections, Dec. Dig. § 120.*]

2. ELECTIONS (§ 120*)—PRIMARY BALLOTS—STATUTORY PROVISIONS.

   The provisions of Laws 1911, c. 891, § 58, prohibiting the appearance of the name of a candidate more than once on a primary ballot as a candidate for a public office or party position, are unconstitutional.

   [Ed. Note.—For other cases, see Elections, Dec. Dig. § 120.*]

Appeal from Special Term, New York County.

Application by John J. Hopper and others for a peremptory writ of mandamus against J. Gabriel Britt and others, constituting the Board of Elections of the City of New York. From an order of the Supreme Court granting the writ, defendants appeal. Modified and affirmed.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Terence Farley, for appellants.
Herbert R. Limburg, for respondents.

DOWLING, J. This appeal is taken from an order directing that a peremptory writ of mandamus issue requiring the board of elections in the city of New York to disregard three certain provisions of the election law (chapter 22, Laws of 1909 [Consol. Laws 1909, c. 17] as amended by chapter 891, Laws 1911) in preparing the official ballots for the primary election to be held in the month of March next ensuing. These three provisions are as follows: (1) So much of section 37 of said law as enacts: "In the year nineteen hundred and twelve, members of all committees shall be elected at the spring primary, except in the city of New York, where they shall be elected in the fall primary"; (2) all of section 57 of said law, and so much of section 58 as provides for the use of a party emblem upon the primary ballots; (3) so much of section 58 of said law as prohibits the appearance of the name of a candidate more than once on the ballot as a candidate for the same public office or party position.

───────────

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes