ABRAM G. NESBITT, Appellant, *v.* SARAH MARTON and Others, Respondents.

Supreme Court, Appellate Term, First Department, December 18, 1925.

Landlord and tenant — Emergency Rent Laws — action for increased rent — notice of increase, under Laws of 1920, chap. 136, § 1-a, as added by Laws of 1922, chap. 664, § 2, may be served by mail — verdict for plaintiff for rent at old rates not against weight of evidence.

The thirty days' notice of increase in rent, required to be given under the Emergency Rent Laws (Laws of 1920, chap. 136, § 1-a, as added by Laws of 1922, chap. 664, § 2), prior to the commencement of an action for increased rent, may be served by mail.

A verdict in such an action for rent at the old rates is not against the weight of the evidence or excessive.

BIJUR, J., dissents.

APPEAL by plaintiff from an order of the City Court of the City of New York setting aside the verdict of a jury in his favor and dismissing the complaint and from judgments entered on that order.

*Parmly, Stetson & Woodward* [*William L. Woodward* and *Warren N. Gaffney* of counsel], for the appellant.

*Bondy & Schloss* [*Maurice V. Seligson* of counsel]; *Weiss & Pels* [*Herbert Pels* of counsel] and *James Male,* for the respondents.

*Charles Green Smith, amicus curiæ.*

CHURCHILL, J. Plaintiff, a landlord, sued thirty-two of his tenants for the reasonable value of the use and occupation of their apartments. They had held over after the expiration of their terms and the case is within the Emergency Rent Laws.

The jury found that the plaintiff was entitled to rent at rates twenty-two per cent in excess of those previously paid. The defendants moved to set aside the verdict and for a new trial on the ground that the verdict was contrary to law and contrary to the evidence. Decision on that motion was reserved. Later, the court made an order in which he first granted defendants' motion, made on the minutes, to dismiss the complaint, on the ground that service of the statutory thirty-day notice had been insufficient, and he accordingly ordered that the verdict be set aside. The court further ordered, or purported to order, that defendants' motion, made on the minutes, to set aside the verdict on the ground that it was contrary to law and contrary to the evidence and on all other grounds, be denied. The order further directed judgment for plaintiff for rent at the old rates and a separate judgment against each of the defendants was entered accordingly. Plaintiff appeals from the order and from the judgments entered pursuant to its direction.

The ground upon which the court set aside the verdict was that the statutory thirty-day notice was served by mail. He held that personal service was necessary. This was error. It was conceded that the notices were mailed. From this concession the presumption followed that they were received. That inference was in no way overcome or even disputed. If the notices were actually received within the statutory period nothing more was required. (Laws of 1922, chap. 664, § 2, adding § 1-a to Laws of 1920, chap. 136; *Steinhardt* v. *Bingham,* 182 N. Y. 326; *Sweeney* v. *City of New York,* 225 id. 271; *Diehl* v. *Becker,* 227 id. 318.)

The verdict was, therefore, erroneously set aside on the ground assigned.

Defendants seek to sustain the order on the ground that the verdict was against the evidence. Plaintiff objects that defendants may not do this because they have not appealed. But they would have had no right to appeal from an order which set aside the verdict against them, and they were under no obligation to appeal

from judgments which were satisfactory to them. Although, in form, the same order which set aside the verdict on a specified ground denied defendants' motion to set it aside on other grounds, they are at liberty to support the order actually made on any ground which was advanced on the trial, or which could not prejudice plaintiff if first advanced in this court. But, while defendants have the right to raise the point, we think they fail to show that the verdict was against the evidence or excessive.

Judgments and order reversed, with costs to appellant, and verdicts reinstated.

LEVY, J., concurs; BIJUR, J., dissents.