CATERINA CIRIGLIANO, Landlord, *v.* MABEL L. BROWN et al., Tenants, and ALBERT CALDER et al., Undertenants.

Municipal Court of the City of New York, Borough of Queens, May 25, 1945.

*Philip Waters* for landlord.

*Martin Granirer* for tenants and undertenants appearing specially.

SCILEPPI, J.   This is a holdover proceeding brought by the landlord under paragraph (6) of subdivision (a) of section 6 of the Rent Regulation for Housing issued by the Office of Price Administration in the New York City Defense-Rental Area (8 Fed. Reg. 13918).   The landlord has owned the premises in question and known as 435 Beach 125th Street, Belle Harbor, Queens County, New York, since prior to November 1, 1943, and seeks possession for immediate occupancy for herself and family.

The petition alleges the execution of a written lease by Caterina Cirigliano as landlord, and Mabel L. Brown and Paula S. Calder as tenants.   By its terms the lease commenced on May 1, 1944, and expired on April 30, 1945.

The petition also alleges that Albert Calder and Isidore Brown are the undertenants.   In fact they are the respective husbands of the two tenants who executed the lease.   The petition also alleges that a preliminary notice of not less than ten days required by paragraph (1) of subdivision (d) of section 6 of the Rent Regulation for Housing in the New York City Defense-Rental Area (8 Fed. Reg. 13918) has been duly given " both to the tenant and to the Area Rent Office ".   It does not allege service of said notice on the undertenants.

The tenants and undertenants herein have appeared specially challenging the jurisdiction of the court on several grounds. One of those grounds is that the landlord failed to comply with the Rent Regulation for Housing as provided for in paragraph (1) of subdivision (d) of section 6 by omitting to serve a notice not less than ten days prior to the commencement of this proceeding upon those designated as undertenants.

The occupants of the premises, both tenants and undertenants concede that no such notice was given. The only notice served was the ten-day notice served upon the tenants by mail in addition to that served on the Office of Price Administration.

It appears that both the tenants and undertenants were all served with a copy of the petition and precept in this proceeding.

The tenants also contend that the ten-day notice that was served on them by mail does not constitute proper service, and is insufficient in law. It is their contention that such a notice must be served personally in order for the court to acquire jurisdiction in the proceeding.

The other grounds upon which the tenants challenge the court's jurisdiction herein need not be considered in disposing of this proceeding, and the court will consider only the question of the necessity for the serving of the ten-day notice on the undertenants, and whether the notice served on the tenants by mail was sufficient in law.

As to the first point, paragraph (1) of subdivision (d) of section 6 of the Rent Regulation for Housing also provides in part: " *Notice required* — (1) *Notices prior to action to remove tenant.* Every notice to a tenant to vacate or surrender possession of housing accommodations shall state the ground under this section upon which the landlord relies for removal or eviction of the tenant. A written copy of such notice shall be given to the area rent office within 24 hours after the notice is given to the tenant.

" No tenant shall be removed or evicted from housing accommodations by court process or otherwise, on any ground other than nonpayment of rent, unless at least ten days prior to the time specified for surrender of possession and to the commencement of any action for removal or eviction, the landlord has given written notices of the proposed removal or eviction to the tenant and to the area rent office, stating the ground under this section upon which such removal or eviction is sought and specifying the time when the tenant is required to surrender possession."

With regard to the portion of the above section that refers to a three-day notice in nonpayment proceedings, the area rent control office in this defense area has relaxed this rule.

It appears therefore that the landlord is not now required to serve any three-day notice upon the tenant or the Office of Price Administration in a nonpayment proceeding in this rent area. However, the landlord is required to file with the clerk a statement known as the D-8 form as required by said regula-

As to the ten-day notice, paragraph (1) of subdivision (d) of section 6 does not state in what manner the ten-day notice required under said section is to be served upon the tenant. It merely provides that it be " given " to the tenant.

On the question of the method by which said notice should be served, it is well established and it has been repeatedly held in this State that where service of a notice is required, either by statutory provision or by established judicial procedure, the service must be personal unless a different mode of service is authorized. The Legislature has power to say whether a notice as a condition precedent to the doing of an act may be given by publication or by leaving at the place of business or at the dwelling house of the party to be notified or by mail, but in the absence of such legislative provisions such notice must be personal. (*Skinner* v. *Sullivan*, 112 Misc. 365; *Matter of Blumberg*, 149 App. Div. 303; *McDermott* v. *Board of Police of Metropolitan Police District*, 25 Barb. 635, 641; *Matter of Sullivan*, 31 Misc. 1, 4; *Steinhardt* v. *Bingham*, 182 N. Y. 326, 328; *Beaks et al.* v. *DaCunha*, 126 N. Y. 293, 297; *Herter* v. *Mullen*, 52 App. Div. 325, 329–330.)

The following rule was enunciated in *Herter* v. *Mullen* (52 App. Div. 325, 329–330, *supra*) wherein the Appellate Division, First Department, stated: " Whenever a party is entitled to such a notice, he is entitled to a personal notice, and I am not aware of any provision of law entitling a party to serve any notice by mail, except in a few cases where that permission is expressly given by statute. (*Rathbun* v. *Acker*, 18 Barb. 393; *McDermott* v. *Board of Police*, 25 id. 635; *People ex rel. Niagara Bridge & C. R. R. Co.* v. *L. & B. R. R. Co.*, 13 Hun, 211.) "

Our Legislature has provided for the method in which certain notices to terminate tenancies must be served. For example section 232-a of the Real Property Law provides for the method of serving a thirty-day notice where the tenant occupies the premises under a monthly tenancy or a tenancy from month to month. Specifically, it provides that the thirty-day notice in writing be served in such cases in the same manner as the service of a precept in summary proceedings is now allowed to be served by law. The service of a precept is governed by section 1421 of the Civil Practice Act.

Section 1421 of the Civil Practice Act reads as follows: " *Precept; how served.* The precept must be served as follows: 1. By delivering to the person to whom it is directed, or, if it is directed to a corporation to an officer of the corporation upon whom a summons issued out of the supreme court

in an action against the corporation might be served, a copy of the precept together with a copy of the petition. [Subd. 1 as amd. by L. 1927, ch. 593, eff. Sept. 1, 1927.]

"2. If the person to whom the precept is directed resides in the city or town in which the property is situated but is absent from his dwelling-house, service may be made by delivering a copy thereof, together with a copy of the petition, at his dwelling-house, to a person of suitable age and discretion who resides there; or, if no such person can with reasonable diligence be found there upon whom to make service, then by delivering a copy of the precept and petition at the property sought to be recovered, either to some person of suitable age and discretion residing there, or, if no such person can be found there, to any person of suitable age and discretion employed there.

" 3. Where service can not with reasonable diligence be made as prescribed in either of the foregoing subdivisions of this section, by affixing a copy of the precept and petition upon a conspicuous part of the property and by depositing in a post-office another copy thereof, properly enclosed in a postpaid wrapper addressed to the person to whom the precept is directed, if an individual at his last known place of residence or his last known place of business, or if a corporation at its last known place of business within the state of New York; or, upon proof by affidavit that no such residence or place of business can be found, service may be made in such manner as the court may direct. [Subd. 3 as amd. by L. 1927, ch. 593, eff. Sept. 1, 1927.]

" If the precept is returnable on the date on which it is issued, it must be served at least two hours before the hour at which it is returnable; in every other case, it must be served at least five days before the day on which it is returnable." (Section added by L. 1921, ch. 199; amd. by L. 1924, ch. 513, eff. Sept. 1, 1924.)

Again we find the provision for the service of a notice in summary proceedings to terminate certain tenancies in section 1416 of the Civil Practice Act. This section reads as follows: *" Notice to be given in certain cases.* Where the person to be removed is a tenant at will or at sufferance the petition must state the facts showing that the tenancy has been terminated by giving notice as required by law. Where the application is made in a case specified in section fourteen hundred and eleven of this act, the petition must state that a notice in behalf of the applicant requiring all persons occupying the property to quit the same by a day therein specified has been either served

personally upon the person or persons to be removed or affixed conspicuously upon the property at least ten days before the day specified therein.'' (Added by L. 1921, ch. 199; as amd. by L. 1922, chs. 156, 219, eff. March 24, 1922.)

Both section 232-a of the Real Property Law and section 1416 of the Civil Practice Act establish the method in which certain notices are to be served to terminate certain tenancies. Section 232-a, however, refers to section 1421 of the Civil Practice Act and must also be considered herein.

In this proceeding the landlord under local law need not give notice to terminate the tenant's tenancy because the tenancy is for a definite term. The enactment of paragraph (1) of subdivision (d) of section 6 of the Rent Regulation for Housing makes it mandatory, however, on the landlord to give to the tenant and the area rent office the ten days' notice hereinabove mentioned of the proposed removal or eviction. This is so,' whether the tenant is a monthly tenant, a month to month tenant, or occupies the premises under a rent agreement, or otherwise. How must the notice be served, is one of the questions before the court.

Keeping in mind that this section does not provide for the manner in which the said written ten-day notice is to be given, and drawing an analogy with section 1416 and section 1421 of the Civil Practice Act, it would appear that the *method* of service of said notice is controlled by said statutory provisions. The ten-day notice required by the Rent Regulation for Housing therefore must be served upon the tenant either personally, in the first instance, if possible, or by substituted service; or by conspicuous service in the event that personal or substituted service cannot be effected after due diligence.

It follows, therefore, that the ten-day Office of Price Administration notice served upon the tenants in this proceeding by mail is insufficient in law.

The service of the ten-day notice upon the undertenants is a prerequisite to the bringing of this proceeding and cannot be cured by the offer of the landlord to discontinue as against the undertenants. Once the landlord elected to consider Mr. Calder and Mr. Brown as undertenants she could not avoid the mandatory provisions of the act requiring the service of the ten-day notice upon them.

Furthermore, such a discontinuance as against the undertenants if permitted would place the court in the position of making a final order granting the landlord possession of the

premises with the knowledge that two undertenants no longer parties to the proceeding, are still in possession. The very nature of a holdover proceeding deals with the question of possession. Either the landlord is entitled to possession or he is not. To grant the final order as against the tenants alone with the knowledge that the undertenants are still in possession would create an anomalous situation. It would give the husbands of the tenants the right to remain in possession and require their wives to vacate.

If the court cannot grant the relief demanded in the petition, then the proceeding must fall. The court will not make an unenforcible order.

Paragraph (9) of subdivision (a) of section 13 of the Rent Regulation for Housing (8 Fed. Reg. 13919) reads as follows: " ' Tenant ' includes a subtenant, lessee, sublessee, or other person entitled to the possession or to the use or occupancy of any housing accommodations."

In this proceeding therefore, the failure of the landlord to serve any notice on the undertenant, and her failure to serve the tenant either by (a) personal service or (b) substituted service or (c) by conspicuous service as hereinabove provided constitute jurisdictional defects, requiring a dismissal of the proceeding without prejudice.