Martin B. Stecher, J.
The three foregoing motions, involving three distinct but interrelated practices dealing with defaults, are decided together.
In the Cathedral Furniture case and in the Humble Oil and Refining case, on the respective defendant’s failure to plead or appear, a default money judgment was entered. Each judgment creditor now seeks to amend the judgment: in one case to change the defendant’s name from Pauline Brown to Pauline W. Holmes; in the other to increase the sums awarded. In the First National City Bank case, despite the default in appearing or pleading, no judgment has been entered and the plaintiff now seeks to increase the sum demanded in the complaint. Such motions are not uncommon in this court and the content of these moving papers and the procedures used vary little from those presented on most similar motions.
I
Typical of the grounds offered for increasing the amount of the judgment is the statement in the moving attorney’s afirma *881 tion: “I am informed by my client that the correct balance was ’ ’ a stated, increased sum. This entitles the judgment creditor to no relief.
The grounds for relieving a party from a judgment are set forth, generally, in CPLR 5015 and 5019. It would serve no useful purpose to examine them all. The only conceivable, if remote, basis contained in CPLR 5015 is ‘ ‘ newly-discovered evidence which, if introduced at the trial would probably have produced a different result ” and could not have been discovered within 15 days from the entry of the order, decision or judgment. Obviously, facts available in the plaintiff’s records at the time of entry of a default judgment could not qualify as newly discovered evidence (Matter of Brennan, 251 N. Y. 39).
CPLR 5019 (subd. [a]) permits the court to cure a “ mistake, defect or irregularity but it does not encompass errors of substance. “ The rule has long been settled and inflexibly applied that the trial court has no revisory or appellate jurisdiction to correct by amendment error in substance affecting the judgment. It cannot, by amendment, change the judgment in matter of substance for error committed on the trial or in the decision, or limit the legal effect of it to meet some supposed equity subsequently called to its attention or subsequently arising. It cannot correct judicial errors either of commission or omission. Those errors are, nnder our system of procedure, to be corrected either by the vacating of the judgment or by an appeal. * * * Clerical errors or a mistake in the entry of the judgment or the omission of a right or relief to which a party is entitled as a matter of course may alone be corrected by the trial court through an amendment.” (Herpe v. Herpe, 225 N. Y. 323, 327.)
That such a judgment was in the first instance granted on default (Irving Trust Co. v. Seltzer, 265 App. Div. 696) or by stipulation (Medart Mfg. Co. v. Rafferty, 243 App. Div. 632) does not alter the rule. Thus such a motion would not be entertained to provide costs where none had been computed on entry of judgment (Empire Produce Co. v. Allen, 225 App. Div. 6, 7); nor could a judgment of dismissal be resettled to strike therefrom the words “ with prejudice ” (Dependable Printed Circuit Corp. v. Mnemotron Corp., 22 A D 2d 911); the only remedy being to appeal or to vacate the judgment.
The 1 ‘ mistake, defect or irregularity ’ ’ referred to in CPLR 5019 (subd. [a]) is essentially a clerical error such as the addition of interest to a verdict where none was demanded (Dowling v. Stephan, 206 Misc. 518); or a judgment entered without the required documents (Koziol v. Pugliese, 56 Misc 2d 178). A *882 court may control, and therefore amend, a default judgment entered by the cleric when on the face of the record it was entered in error or in violation of law (Erba Corp. v. Paul, 25 Misc 2d 185); or where, irrespective of any statute, the court has the common-law right to “ correct or modify an erroneous judgment in the interest of justice ’ ’, for example, the entry of a money judgment against a purely nominal defendant (Monahan v. Kenny, 248 App. Div. 159, 161). Too, so long as the action is still pending, the judgment may be opened “ upon the application of anyone for sufficient reason, in the furtherance of justice ” (Ladd v. Stevenson, 112 N. Y. 325, 332; Barry v. Mutual Life Ins. Co. of N. Y., 53 N. Y. 536, 539; Matter of Baker v. Macfadden Pub., 300 N. Y. 325, 329).
The instant application for an increase in a money judgment already entered fits none of these conditions. Once a party has pursued his claim to judgment, he cannot complain of his own neglect in failing to sue for more and thus obtain the intervention of the court, on motion, in an effort to enlarge a final judgment. (Cf. Lape v. Lape, 23 A D 2d 539.)
II
The motion to correct the alleged misnomer on the judgment already entered does not pose the same difficulties, the relief sought not being of “substance affecting the judgment” (Herpe v. Herpe, supra, p. 327). It would, however, be a grave abuse of discretion to enter a judgment against a woman named Holmes, supported only by an attorney’s affirmation that some unidentified person told his client’s investigator that Mrs. Brown, the judgment debtor, uses the name “ Holmes ”. If such is in fact the case, let proof be offered, not hearsay thrice removed; and let proof of proper service of the notice of motion on the judgment debtor be made.
Ill
The application made prior to judgment to increase the sum demanded may of course be granted provided that appropriate notice and an opportunity to defend are given to the defaulting defendant (Chapman v. Chapman, 284 App. Div. 504; Meadow Brook Nat. Bank v. Whitehead, 31 Misc 2d 344). What constitutes such notice is not easily answered, there being a dearth of cases in point.
In each ease the notice of motion to amend was mailed to the defendant. (In two of the cases the defendant’s address to which the notice was mailed was, according to the affidavit of service, *883 ‘ ‘ designated by said attorney for that purpose ’ ’. In the other, the affidavit alleges that the address was “ designated by said defendant for that purpose ”.) Were the affidavits true in this respect there would be no defaults to consider; but such errors may be corrected (CPLR, 2001) and these motions do not turn on them. What concerns us is the adequacy of merely mailing a notice of motion to increase the sum demanded of a defendant who has never appeared.
Judge Scileppi has had occasion to observe, “ It is well established and it has been repeatedly held in this State that where service of a notice is required, either by statutory provision or by established judicial procedure, the service must be personal unless a different mode of service is authorized” (Cirigliano v. Brown, 185 Misc. 329, 332; see, also, Stevens v. State of New York, 277 App. Div. 418, 420, app. dsmd. 303 N. Y. 613, mot. for lv. to app. den. 303 N. Y. 801). Presumably, the plaintiffs here proceeded under CPLR 2103 (subd. [c]) which permits delivery of papers to a party by personal service, by mail, or by delivery to a “ person of suitable age and discretion” at the party’s residence if he “ has not appeared Toy am attorney ” (italics supplied). In the context of this rule, a person who has not appeared at all is not synonymous with a person who has not appeared by an attorney (cf. CPLR 2103, subd. [e]).
As Professor David D. Siegel points out in his commentary on default judgments (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 3215, subd. [b], pp. 869-870), “ If the action is for money, the default judgment cannot exceed the amount demanded in [the] complaint. * * * Only the original complaint or 305(b) notice bound him. * * * But if after defendant’s appearance the complaint is duly amended * * * to demand additional or different relief, and the amended complaint is duly served on defendant before he defaults, the default may of course be taken for the relief demanded in the amended complaint. Such amended complaint after defendant’s appearance, moreover, is servable by the methods applicable to service of papers generally under CPLR 2103 and need not be served in the same manner as a summons.” (Emphasis supplied.) Implicit in the commentator’s remarks is his conclusion — in which I concur — that notice of a demand for enlarged or different relief must be served on a defendant who has never appeared, in the same fashion as a summons, whether or not his time to appear or answer has expired.
The reasoning behind this conclusion is not difficult to discern. The initial demand must be made by the service of a summons in the manner best calculated to reach the defendant (CPLR *884 308). He knows the consequences of his default and by his default he assents to the demand. For the plaintiff to seek new, different or enlarged relief is, in effect, to make a new demand. Such new demand should be brought to the defendant’s attention in the same fashion and with the same certainty of delivery as that originally used; unless the defendant, by appearing, assented to another method of service (CPLR 2103). Absent an appearance, there is no statutory authority which permits service by mail; and in the absence of statutory authority, service by mail of such notice is jurisdictionally defective (Stevens v. State of New York, supra; Cirigliano v. Brown, supra).
The motions are denied, with leave to the plaintiffs to renew in Humble Oil v. Brown and First National City Bank v. Elsky on proper service and proper papers.