OPINION OF THE COURT
Martin B. Klein, J.
The following constitutes the opinion and decision of the court:
These six motions present the issue of proper service of the notice of motion upon a nonappearing pro se defendant. To wit, does the court have jurisdiction to entertain a motion when the notice of motion was mailed and not personally served? Proper service is an essential aspect of procedural due process, but it also serves the practical function of increasing the likelihood that the parties are aware of all relevant aspects of the litigation.
To each of these six cases, the defendant has not appeared and is considered pro se. Where there is more than one defendant, as in the River Park Assoc, and Household Fin. Corp. cases, none of the defendants have appeared. The notices of motion were all served by mail upon each of the defendants. In three of these cases a default judgment was entered; in the other three cases no judgment was entered.
No judgment was entered in the Citibank, River Park Assoc., or Rosenbaum cases, and the plaintiffs move respectively to increase the ad damnum clause, to amend the complaint by replacing one cause of action with two, and to file an affidavit of service nunc pro tunc.
A default judgment was entered in the Beneficial Discount and Manufacturers Hanover Trust Co. cases, and the plaintiffs now move to amend the captions to facilitate execution on the judgment. A default judgment was also entered in the Household Fin. Corp. case, and the plaintiff now moves to decrease the money judgment.
CPLR 308 and 2103 are the statutes which specify the means for proper service upon a natural person, for all but certain specific types of action.[1] CPLR 308 specifies five *1084 methods of personal service of a summons, and CPLR 2103 (subd [c]) specifies three methods for serving papers, all three being easier to comply with than personal service. In particular, CPLR 2103 (subd [c]) provides that service “shall be upon the party himself by a method specified in paragraph one, two or four of subdivision (b).” CPLR 2103 (subd [b]) specifies that such service
“shall be made:
“1. by delivering the paper to him personally; or
“2. by mailing the paper to him at the address designated by him for that purpose or, if none is designated, at his last known address * * * 0r * * *
“4. by leaving it at his residence within the state with a person of suitable age and discretion.”
A paper served personally is more likely to come to the attention of the adverse party than one served under CPLR 2103 (subd [c]). The court must decide whether service of the notices of motion in the instant cases is controlled by CPLR 2103 (subd [c]) or not.
There would be no issues for this court to resolve if the statute were unambiguous. CPLR 2103 (subd [c]) applies to “a party [who] has not appeared by an attorney”. If this subdivision were literally construed using the plain meaning of the words therein[2] and not considering the phrase “by an attorney” as superfluous,[3] CPLR 2103 (subd [c]) would apply only to pro se defendants who have appeared. It would not apply at all to defendants who have not appeared. If the statute were so construed, service would be improper in the six instant cases.
On the other hand, “[a] statute * * * is to be construed as a whole”,[4] all parts to be “harmonized with each other”.[5] This rule of statutory construction would have CPLR 2103 (subd [c]) apply to any defendant not represented by counsel, since CPLR 2103 (subd [b]) applies to parties who are represented. CPLR 2103 would thus apply to all circum *1085 stances for service of papers. If this rule of construction were followed, all the instant notices of motion would have been properly served.
The only recorded case which has construed CPLR 2103 (subd [c]) is First Nat. City Bank v Elsky (62 Misc 2d 880) which follows the former, literal rule of construction. Since “‘service must be personal unless a different mode of service is authorized’”,[6] and since personal service was not effected in the instant cases, this court would be without jurisdiction to consider the six motions if the Elsky interpretation were followed.
This court holds that service of a notice of motion under CPLR 2103 (subd [c]) upon a nonappearing pro se defendant is inadequate if a substantial right of such a defendant would be prejudiced by the granting of the motion. Under such circumstances, personal service is appropriate and should be required. Otherwise, where a defendant’s rights are not in jeopardy, service under CPLR 2103 (subd [c]) is adequate. This rule increases the likelihood that such a defendant would have an opportunity to oppose a motion which involves a substantial right.
In implementing this holding, it is necessary to consider the type of motion involved. Thus, notice of a motion to amend a complaint need not be personally served if the complaint as amended must be personally served, either as required by CPLR 3012 (subd [a]) or by court order. Similarly, a notice of motion to file an affidavit of service nunc pro tunc need not be personally served if the delay in filing is not substantial. However, a motion to amend a default judgment in such a way as to facilitate its enforcement or to increase the award must be personally served.
Regarding motions to amend the complaint, the Elsky decision was concerned with amending the complaint by increasing the ad damnum clause. It is well established that a default judgment may be entered for no more than the relief demanded in the complaint, amended complaint, or CPLR 305 (subd [b]) notice.[7] As to the amended com *1086 plaint, Elsky held that the court may grant leave to amend the complaint only upon motion once the time for answering has passed, and then only if “appropriate notice and an opportunity to defend are given to the defaulting [i.e., nonappearing] defendant”. (First Nat. City Bank v Elsky, supra, at p 882.) The Elsky decision further stated that a “new demand should be brought to the defendant’s attention in the same fashion and with the same certainty of delivery as that originally used; unless the defendant, by appearing, assented to another method of service (CPLR 2103).” (First Nat. City Bank v Elsky, supra, at p 884.) Thus, “notice of a demand for enlarged or different relief must be served on a defendant who has never appeared, in the same fashion as a summons”. (First Nat. City Bank v Elsky, supra, at p 883.) This court agrees with'the reasoning in the Elsky decision to the extent already noted.
In one of his articles on the subject, Joseph M. McLaughlin (now a Judge of the United States District Court) questions the general conclusion in the Elsky decision “that a notice of motion to amend the wherefore clause * * * has to be served personally” even when the complaint itself must be served personally. (New York Practice, 22 Syracuse L Rev 55, 73.) “[It] does not seem required by the CPLR and the defendant’s rights should be adequately protected by personal service of the amended complaint.” (Ibid.)
This court shares Judge McLaughlin’s doubts, and holds that a notice of motion to amend a complaint must be personally served only if the complaint as amended need not be personally served. Otherwise, it may be served pursuant to CPLR 2103 (subd [c]). This holding does not offend the reasoning used in the Elsky decision (62 Misc 2d 880, supra), since the hew demand would (p 884) “be brought to the defendant’s attention in the same fashion and with the same certainty of delivery as that originally used”, and (p 884) the “notice of a demand for enlarged or different relief”, i.e., the amended complaint, would (p 883) “be served on a defendant who has never appeared, in the same fashion as a summons”.
In the instant Citibank case, plaintiff moves to increase the ad damnum clause of its complaint. In applying the *1087 afore-mentioned rule to this case, it is necessary to determine whether it would be required that such an amended complaint be served personally. CPLR 3012 (subd [a]) provides that a “subsequent pleading asserting new or additional claims for relief shall be served upon a party who has not appeared in the manner provided for service of a summons. In any other case, a pleading shall be served in the manner provided for service of papers generally.” Since an increase in the ad damnum clause is construed as a new or additional claim[8] CPLR 3012 (subd [a]) requires that the amended complaint be served personally. (See 22 Syracuse L Rev 55, 73.) Service of the notice of motion was thus proper and the court has jurisdiction to consider the motion. Motion granted to the extent provided for in the order.
Although an amended complaint which increases the ad damnum clause must be personally served, there are types of amended complaints which need not be personally served.[9] The River Park Assoc, case presents such an amended complaint which CPLR 3012 (subd [a]) would not require to be personally served were the motion to be granted. In this case, the plaintiff moves to amend the complaint by splitting one cause of action into two. Since such an amended complaint does not assert “new or additional claims for relief”, CPLR 3012 (subd [a]) would not require that it be served personally were the motion to be granted.
Although CPLR 3012 (subd [a]) does not require personal service of such an amended complaint, it is to be noted that CPLR 2103 (subd [a]) does apply to service of papers in general. Such papers include amended complaints. Because of the ambiguity inherent in CPLR 2103 (subd [c]), this court is compelled to set forth guidelines within the exercise of its discretion regarding service of amended complaints, supplementing the requirements set forth in CPLR 3012 (subd [a]) with the requirements of CPLR 2103 (subd [c]). This court holds that when a motion to amend a complaint is made in which the notice of motion *1088 was not served personally, and CPLR 3012 (subd [a]) does not require personal service of the amended complaint, the court may nevertheless require personal service of the amended complaint if the motion is granted. The goal of such a requirement is to enlarge the probability of actual notice to the adversary.
The court so imposes additional service requirements in the River Park Assoc, case. Although the defendant’s substantial rights would not be prejudiced by the granting of this motion, the defendant may wish to appear at subsequent stages of the litigation, such as answering the amended complaint. If the defendant did choose to answer, the defendant would indeed be prejudiced by not having notice of the actual amended complaint. To maximize the likelihood of the defendant receiving actual notice of the amended complaint, this court would order that the amended complaint be served personally if the motion were to be granted. The court now has jurisdiction to consider the motion, since CPLR 2103 (subd [c]) service is proper when the amended complaint is personally served. Motion granted to the extent provided for in the order.
It is to be noted that this court envisions instances of motions to amend the complaint in which neither the notice of motion nor the complaint as amended would have to be served personally for the court to have jurisdiction. An example is a motion to decrease the ad damnum clause. Since the granting of the motion would not prejudice the rights of the defendant, and since CPLR 3012 (subd [a]) would not require personal service of the amended complaint, it would be sufficient if both the notice of motion and the amended complaint were served pursuant to CPLR 2103 (subd [c]).
Plaintiff in the Rosenbaum case moves for an order permitting the filing nunc pro tunc of the summons pursuant to section 411 of the New York City Civil Court Act (CCA) and CPLR 305 (subd [c]) in order to comply with the requirements of CPLR 308 (subd 2). CPLR 308 (subd 2) requires the plaintiff to have filed the summons with proof of service on or before July 28, 1981; plaintiff served the instant motion less than one month later, on August 24, 1981. Motions to file nunc pro tunc when the delay has *1089 been so slight are customarily granted if the court has jurisdiction, as no substantial rights of the defendant are prejudiced thereby.
It is necessary to determine what notice is necessary for a motion to file nunc pro tunc. The problem arises because such a motion is concerned with correcting what might be an extremely minor jurisdictional defect. A jurisdictional defect is fatal to a motion whereas “ ‘a mere irregularity * * * may be disregarded or amended.’ ”[10] However, the distinction between a jurisdictional defect and an irregularity is blurred.* [11]
The issue of the jurisdictional requirements for the granting of an order to file nunc pro tunc under section 411 of the CCA is resolved by the court’s holding that the motion may only be granted on notice and not ex parte. CPLR 2103 (subd [c]) service is adequate if the breach of filing requirements is not substantial. It would impose an unreasonable burden without purpose to require that a request for permission to correct a defect in the filing of proof of personal service of a summons must itself be personally served. There would then be no advantage to a nunc pro tunc order over merely serving the summons a second time if such intricacies were required. The granting of this motion following CPLR 2103 (subd [c]) service would not prejudice any substantial rights of the defendant. The court now has jurisdiction to consider the motion in the Rosenbaum case. Motion granted to the extent provided for in the order.
In the Household Fin. Corp. case, the plaintiff moves to decrease the amount of the judgment entered on default from $1,855.95 to $1,810.95. The rights of the defendant would not be prejudiced by the granting of this motion, *1090 since the defendant’s liability would be reduced. Thus, CPLR 2103 (subd [c]) service is adequate and the court has jurisdiction. Motion granted to the extent provided for in the order.
Both the Beneficial Discount Co, and Manufacturers Hanover Trust Co. cases are consumer credit transaction cases in which default judgments have been entered and the plaintiffs now move to amend the captions by using alleged aliases of the defendants. The granting of such motions would prejudice the rights of the defendants as enforcement, e.g., by income execution on the judgments, would be expedited. Both plaintiffs affirm that the defendants are employed under different names than appear on the captions.
Personal service of these notices of motion is necessary as substantial rights of the defendants would be prejudiced by the granting of the motions. It is quite conceivable that the defendants did not appear because of confidence that any judgment entered could not be enforced. It is also conceivable that the defendants are not aware that the instant motions have been made, but that they would have had notice had the papers been served personally.
For the above reasons, the court does not have jurisdiction to entertain the motions in the Beneficial Discount Co. and Manufacturers Hanover Trust Co. cases. Motions denied.
In summary, the court has jurisdiction to consider the motions in the Citibank v Hamilton, River Park Assoc. v Vaughn, Rosenbaum, v Georgalas and Household Fin. Corp. v Hernandez cases. In these cases, CPLR 2103 (subd [c]) service was proper. The court does not have jurisdiction to consider the motions in the Beneficial Discount Co. of N. Y. v Taylor and Manufacturers Hanover Trust Co. v Ransom cases since personal service of the notices of motion is required.

. (See, e.g., RPAPL 735.)

. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 94.)

. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 231.)

. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 97.)

. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 98.)

. (First Nat. City Bank v Elsky, 62 Misc 2d 880, 883, citing Cirigliano v Brown, 185 Misc 329, 332.)

. (CPLR 3215, subd [a]; Lape v Lape, 23 AD2d 539; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3215:10, p 869.)

. (Hutchins v Priddy, 103 F Supp 601, 606 [construing an increased money demand as an “additional claim” under a statute comparable to CPLR 3012, subd (a)]; see Miltenberger v Center West Enterprises, 251 SW2d 385, 388 [Mo].)

. (See, e.g., Brandenberg v Tirino, 59 Misc 2d 630 [amended complaint altered neither basis for liability nor amount of liability].)

. (2 Carmody-Wait 2d, NY Prac, § 8:145, p 160, citing Valz v Sheepshead Bay Bungalow Corp., 249 NY 122, 134; see CPLR 305, subd [c].)

. Valz v Sheepshead Bay Bungalow Corp. (supra, n 10). In this case service was by publication in newspapers other than those specified in the court order. The Court of Appeals held that the court acquired jurisdiction by such publication, particularly since defendant had actual notice. Any irregularity of service was cured by an ex parte order changing the order for publication nunc pro tunc. The court was badly split, with Justices Andrews, Lehman, Crane and O’Brien on the majority and Justices Cardozo, Pound and Kellogg dissenting. In Lambert v Lambert (270 NY 422, 427), the court merely held that “[jjurisdiction is obtained by service and the failure of proof of service does not render the service void or the jurisdiction defective.”